IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

ERIN LINDSAY and CHRISTOPHER LINDSAY

    Plaintiffs,

        v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and
GEICO INSURANCE AGENCY, LLC.

    Defendants.

---

**DEFENDANT GEICO INSURANCE AGENCY'S
NOTICE OF REMOVAL OF ACTION**

---

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Geico Insurance Agency, LLC ("GIA"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby files this Notice of Removal of the action commenced in Denver County District Court captioned *Erin Lindsay and Christopher Lindsay v. The Travelers Home and Marine Insurance Company and Geico Insurance Agency, Inc.,* Boulder County District Court Case No. 2023CV30297 (the "State Court Action"). In support thereof, GIA states as follows:

1. On April 26, 2023, Plaintiffs Erin Lindsay and Christopher Lindsay ("Plaintiffs") filed their Complaint against GIA in the State Court Action alleging causes of action for negligence and negligent misrepresentation (the "Complaint"). *See* Complaint attached as **Exhibit A**.

2. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

4. GIA timely files this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3) because GIA was first served with Plaintiffs' Complaint via its registered agent on May 4, 2023.

5. GIA has conferred with counsel for Defendant The Travelers Home and Marine Insurance Company ("Travelers"), who does not oppose this Notice of Removal.

## **DIVERSITY OF CITIZENSHIP**

6. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *See* 28 U.S.C. 1332(a)(1); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that residence is *prima facie* evidence of domicile for purposes of determining citizenship); *Walden v. Broce Const. Co.,* 357 F.2d 242, 245 (10th Cir. 1966) (For the purposes of diversity jurisdiction, a party's "citizenship has the same meaning as domicile."); *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 457 (5th Cir. 2012). While "residenc[y] alone is not the equivalent of citizenship, . . . the place of residence is *prima facie* the domicile." *Dyer*, 19 F.3d at 520.

7. Plaintiffs are domiciled in the State of Colorado. Plaintiffs' Complaint admits that Plaintiffs are residents of Boulder County, Colorado (**Exhibit A,** Complaint at ¶ 4.) Plaintiffs' claims in the Complaint concern homeowners insurance issued by Travelers for their personal residence located at 826 Trail Ridge Dr., Louisville, Colorado (the "Property"). (**Exhibit A,** Complaint at ¶¶ 9-77.) The Complaint also lists Plaintiffs' address under Plaintiffs' counsel's signature line at a neighboring property at 814 Trail Ridge Dr., Louisville, CO 80027. Public property records show that Plaintiffs purchased the Property on June 4, 2015 and still own the Property. (**Exhibit B**, Boulder County Assessor Property Search Report.) Additionally, Plaintiffs'

respective voting records, which are public record in Colorado, identifies Plaintiff as registered to vote in Colorado since 2014. (**Exhibit C,** Plaintiffs' Voter Information from the Colorado Secretary of State website, with identifiers redacted.) The voting records show a "residential address" at 826 Trail Ridge Dr, Louisville, CO, 80027-3114 and a "mailing address" at 814 Trail Ridge Dr, Louisville, CO, 80027-3114.

8. The foregoing evidence supports the finding that Plaintiffs are citizens of Colorado. *See, e.g., Alpine Bank v. Carney Bros. Constr.*, No. 05-cv-00026-EWN-KLM, 2008 U.S. Dist. LEXIS 110246, 2008 WL 4080003, at *3 (D. Colo. Sept. 2, 2008) (J. Nottingham) (Courts can consider numerous factors in determining domicile, including voting registration, length of residence, home ownership, and vehicle registrations and license.); *Daei v. Country Mut. Ins. Co.*, Civil Action No. 19-cv-00453-PAB, 2019 U.S. Dist. LEXIS 64491, at *2 (D. Colo. Apr. 15, 2019) (J. Brimmer) (same); *Dumas v. Warner Literary Grp., Ltd. Liab. Co.*, Civil Action No. 16-cv-00518-RM-NYW, 2016 WL 10879185, 2016 U.S. Dist. LEXIS 195321, at *4 (D. Colo. Apr. 29, 2016) (J. Wang) (same).

9. Defendant Geico Insurance Agency, LLC is domiciled in Maryland with its principal place of business in Virginia. (**Exhibit D**, Maryland Secretary of State Certificate; **Exhibit E**, Virginia Secretary of State Certificate; **Exhibit F**, Colorado Secretary of State business search information.) As a limited liability company, GIA "takes the citizenship of all its members" for purposes of determining diversity jurisdiction. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). GIA is a limited liability company that is wholly owned by GEICO Corporation. In turn, GEICO Corporation is incorporated under Delaware law with a principal place of business in Chevy Chase, Maryland. (**Exhibit G**, Delaware Secretary of State

information; **Exhibit H**, Maryland Secretary of State information.) Thus, for diversity jurisdiction purposes, Defendant GIA is a citizen of Delaware and Maryland.

10. Defendant The Travelers Home and Marine Insurance Company, is a Connecticut corporation, with its principal place of business in Connecticut. (**Exhibit I**, Connecticut Secretary of State Certificate; **Exhibit J**, Colorado Secretary of State business search information.) For diversity jurisdiction purposes, Defendant Travelers is a citizen of Connecticut. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Grynberg v. Kinder Morgan Energy, Ltd. P'ship*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.")

11. Based on the foregoing, there is complete diversity between Plaintiffs and the Defendants within the meaning of 28 U.S.C. § 1332. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005).

## AMOUNT IN CONTROVERSY

12. Plaintiffs' Civil Case Cover Sheet was filed in Boulder County District Court on April 26, 2023. (**Exhibit K,** Civil Case Cover Sheet.) The Civil Case Cover Sheet indicates Plaintiffs seek a monetary judgment exceeding $100,000. The Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiffs. *See Paros Props. LLC v. Colo. Casualty Ins. Co.,* 835 F.3d 1264, 1272 (10th Cir. 2016).

13. The claim against GIA is premised on the Property being underinsured. (**Exhibit A,** Complaint at ¶¶ 78-91.) Plaintiffs' Complaint alleges a total repair cost of $2,731,440.74 against a "reformed" policy limit of $1,282,384.43 (Complaint at ¶¶ 48, 53.) Further, the alleged value dispute between Plaintiffs and Travelers with regard to repair costs appears to exceed $1,000,000. (*Compare* Complaint ¶¶ 53 and 68.)

14. Based on a plain reading of the Complaint, the amount in controversy alleged by Plaintiffs exceeds the $75,000.00 jurisdictional minimum, as required under 28 U.S.C. § 1332(a)(2). *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1291 n.4 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) (determination of amount in controversy required by 28 U.S.C. § 1332 is satisfied by examining the Complaint, or, if damages are not expressly quantified therein, by examining the Notice of Removal). Removal is proper if it is more likely than not that the claim exceeds $75,000. *See McPhail*, 529 F.3d at 955 (proponent of federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence). However, "defendant may rely on an estimate of the potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

15. Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, all papers, pleadings and indexes that have been filed or served in the State Court Action, including the docket sheet, are attached hereto as **Exhibits L-1 – L-14**. To the best of GIA's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

16. GIA will serve a copy of this Notice of Removal on Plaintiffs' counsel and will file a copy with the Boulder County District Court, as required by 28 U.S.C. §1446(d). A copy of the Notice of Filing Notice of Removal filed with the Boulder County District Court and served upon Plaintiffs' counsel will be filed with this Court as **Exhibit M,** after the filing is completed.

17. If any question arises as to the propriety of the removal of this action, GIA requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant GIA respectfully requests that the filing of this Notice of Removal shall effect the removal of this case to the United States District Court for the District of Colorado.

Dated: June 2, 2023        By:   *s/ Ryan C. Gill*
                                  Ryan C. Gill
                                  Jackson D. Beal
                                  Lewis Brisbois Bisgaard & Smith LLP
                                  1700 Lincoln Street, Suite 4000
                                  Denver, Colorado 80203
                                  Phone: 303.861.7760
                                  Ryan.Gill@lewisbrisbois.com
                                  Jackson.Beal@lewisbrisbois.com
                                  *Attorneys for Defendant Geico Insurance Agency*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of June, 2023, I presented the foregoing **DEFENDANT GEICO INSURANCE AGENCY LLC'S NOTICE OF REMOVAL OF ACTION** to the Clerk of the Court for filing and uploading to the CM/ECF system.

Bradley A. Levin, No. 13095
Susan S. Minamizono, No. 48984
LEVIN SITCOFF WANEKA PC
1512 Larimer Street, Suite 650
Denver, CO 80202
brad@lsw-legal.com
susan@lsw-legal.com
*Attorneys for Plaintiff*

Evan Stephenson
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
estephenson@spencerfane.com

                                  *s/ Ryan C. Gill*
                                  Lewis Brisbois Bisgaard & Smith LLP