| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER<br>STATE OF COLORADO<br>1777 6th Street<br>Boulder, Colorado 80302 | DATE FILED: May 31, 2023 7:00 PM<br>FILING ID: 16EBC82EAB33D<br>CASE NUMBER: 2023CV30297 |
| **Plaintiffs:**     **ERIN LINDSAY and CHRISTOPHER LINDSAY**<br><br>v.<br><br>**Defendants:**     **THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and GEICO INSURANCE AGENCY, INC.** | <br><br><br><br><br>▲COURT USE ONLY ▲ |
| *Attorneys for Defendant Geico Insurance Agency, Inc.*<br>Ryan C. Gill, Atty. Reg. No.: 37320<br>Jackson D. Beal, Atty. Reg. No.:53779<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1700 Lincoln Street, Suite 4000<br>Denver, Colorado 80203<br>Phone:    303.861.7760<br>Fax:    303.861.7767<br>Email:    Ryan.Gill@lewisbrisbois.com<br>            Jackson.Beal@lewisbrisbois.com | Case No.:     2023CV30297<br>Division:     2 |
| **DEFENDANT GEICO INSURANCE AGENCY, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** | |

COMES NOW Defendant Geico Insurance Agency, Inc. ("GIA"), by and through counsel of record, Lewis Brisbois Bisgaard & Smith LLP, and hereby submits its answer to Plaintiffs' Complaint, as follows:

### CERTIFICATE OF REVIEW

1-3.     GIA is without sufficient information to admit or deny the allegations in Paragraphs 1 – 3 of Plaintiffs' Complaint.

NOTICE OF REMOVAL - EXHIBIT "L-11"

## PARTIES, JURISDICTION AND VENUE

4-5.   GIA is without sufficient information to admit or deny the allegations in Paragraphs 4 – 5 of Plaintiffs' Complaint.

6.   GIA admits that it is a Maryland limited liability company with its principal place of business in Virginia, and is authorized to conduct business in Colorado.

7.   GIA admits this Boulder County District Court may have subject matter jurisdiction over this action.

8.   GIA admits that venue in Boulder County district Court may be proper under rule 98(c). GIA reserves its right to file a motion to transfer venue and/or remove this litigation to federal court.

## GENERAL ALLEGATIONS

### A.   The Travelers Homeowner Policy Procured by Geico

9.   GIA admits that it was Plaintiffs' insurance agent for an insurance policy underwritten by Travelers Home and Marine Insurance Company, policy number 994039763 633 1, which was first issued on June 4, 2015 (the "Travelers Policy") for a house at 826 Trail Ridge Drive, Louisville, Colorado 80027. GIA is without sufficient information to admit or deny the remaining allegations in Paragraph 9 of Plaintiffs' Complaint.

10.   GIA is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.   GIA admits that it was Plaintiffs' insurance agent for the Travelers Policy.

12.   GIA admits that the components of Plaintiffs' home were discussed in 2015 during the application process for the Travelers Policy. GIA admits certain components of Plaintiffs' home were discussed during calls on August 27, 2018 and March 28, 2019. GIA is without

sufficient information to admit or deny the remaining allegations in Paragraph 12 of Plaintiffs' Complaint.

13-14. Denied, as phrased. GIA admits only that on March 28, 2019, Mrs. Lindsay contacted GIA requesting to recalculate the Dwelling limit. At that time, GIA's agent reviewed the components of Plaintiffs' home with Mrs. Lindsay. No changes were made to the policy because the recalculated replacement cost was $436,205, which was lower than the $506,000 Dwelling Limit already in place. GIA is without sufficient information to admit or deny the allegations in Paragraphs 13 – 14 of Plaintiffs' Complaint.

15. Denied, in part. GIA admits only that Mr. Lindsay contacted GIA on August 27, 2018 about installing solar panels, but did not follow up with the additional information requested by the agent.

16-17. Denied, as phrased. GIA admits only that on March 28, 2019, Mrs. Lindsay contacted GIA requesting to recalculate the Dwelling limit. At that time, GIA's agent reviewed the components of Plaintiffs' home with Mrs. Lindsay. No changes were made to the policy because the recalculated replacement cost was $436,205, which was lower than the $506,000 Dwelling Limit already in place. GIA is without sufficient information to admit or deny the allegations in Paragraphs 16 – 17 of Plaintiffs' Complaint.

18. GIA is without sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

NOTICE OF REMOVAL - EXHIBIT "L-11"

### B. Geico's [Alleged] Misrepresentations and Failure to Procure Proper Coverage for the Home

19. The allegations in Paragraph 19 of Plaintiffs' Complaint call for legal conclusions. To the extent a response is required. GIA denies that it breached any legal duties owed to Plaintiffs.

20. Denied, as phrased. The Travelers Policy provided the requested coverage for Plaintiffs' home.

21. Denied.

22. Denied.

### C. The Marshall Fire

23. GIA admits on information and belief the existence of a December 30, 2021 fire in Boulder County, Colorado, commonly referred to as the Marshall Fire.

24. GIA admits, on information and belief, that Plaintiffs' home was damaged in the Marshall Fire. GIA is without sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Admitted.

### D. The Lindsays' Insurance Claim with Travelers

26-35. GIA is without sufficient information to admit or deny the allegations in Paragraphs 26 - 35 of Plaintiffs' Complaint.

### E. Reformation of Policy Based on Incorrect Information due to Failure by Claim Adjuster to Reasonably Investigate the Scope of Loss

36. GIA admits only that on or around January 21, 2022, it received notice of a Complaint from Plaintiffs through the Colorado Department of Regulatory Agencies Division of Insurance, wherein Plaintiffs requested "audio files and transcripts sent to [them]". GIA is

NOTICE OF REMOVAL - EXHIBIT "L-11"

without sufficient information to admit or deny the remaining allegations in Paragraph 36 of Plaintiffs' Complaint.

37. GIA denies the implication that it failed to respond to Plaintiffs' complaint to the Division of Insurance. GIA issued a response on January 26, 2022. GIA is without sufficient information to admit or deny the remaining allegations in Paragraphs 37 – 38 of Plaintiffs' Complaint.

38-74. GIA is without sufficient information to admit or deny the allegations in Paragraphs 37 - 74 of Plaintiffs' Complaint.

### F. Travelers' Claims Handling Related to Other Coverages

75-77. GIA is without sufficient information to admit or deny the allegations in Paragraphs 75 - 77 of Plaintiffs' Complaint.

### FIRST CLAIM FOR RELIEF
*(Negligence – Against Defendant Geico)*

78. GIA incorporates its responses to the foregoing Paragraphs herein.

79. The allegations in Paragraph 79 of Plaintiffs' Complaint call for legal conclusions. To the extent a response is required, GIA denies that it breached any legal duties owed to Plaintiffs.

80. GIA admits that it was Plaintiffs' insurance agent and worked with Plaintiffs to procure homeowners coverage. GIA denies the implication that it breached any duties owed to Plaintiffs.

81. Denied, as phrased. The Travelers Policy provided the requested coverage for Plaintiffs' home.

NOTICE OF REMOVAL - EXHIBIT "L-11"

82. GIA is without sufficient information to admit or deny the allegations in Paragraph 82 of Plaintiffs' Complaint.

83-84. Denied.

## SECOND CLAIM FOR RELIEF
### (Negligent Misrepresentation – Against Defendant Geico)

85. GIA incorporates its responses to the foregoing Paragraphs herein.

86. Denied.

87. Denied.

88. GIA denies any implication that it breached any duties owed to Plaintiffs with respect its role as Plaintiffs' insurance agent. GIA is without sufficient information to admit or deny the allegations in Paragraph 88 of Plaintiffs' Complaint.

89. Denied.

90. Denied.

91. Denied.

## THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation – Against Defendant Travelers)

92. GIA incorporates its responses to the foregoing Paragraphs herein.

93-99. The allegations in paragraphs 93 – 99 of Plaintiffs' Complaint are not directed at GIA. No response is owed by GIA with respect to these allegations.

## FOURTH CLAIM FOR RELIEF
### (Reformation of Policy – Against Defendant Travelers)

100. GIA incorporates its responses to the foregoing Paragraphs herein.

101-104. The allegations in paragraphs 101 – 104 of Plaintiffs' Complaint are not directed at GIA. No response is owed by GIA with respect to these allegations.

NOTICE OF REMOVAL - EXHIBIT "L-11"

## FIFTH CLAIM FOR RELIEF
### (Violation of C.R.S. §§ 10-3-1115 & 1116 – Against Defendant Travelers)

105. GIA incorporates its responses to the foregoing Paragraphs herein.

105-112. The allegations in paragraphs 105 – 112 of Plaintiffs' Complaint are not directed at GIA. No response is owed by GIA with respect to these allegations.

## SIXTH CLAIM FOR RELIEF
### (Breach of Duty of Good Faith and Fair Dealing – Defendant Travelers)

113. GIA incorporates its responses to the foregoing Paragraphs herein.

114-121. The allegations in paragraphs 114 – 121 of Plaintiffs' Complaint are not directed at GIA. No response is owed by GIA with respect to these allegations.

## PRAYER FOR RELIEF

GIA denies the Plaintiff is entitled to the relief demanded against GIA within Plaintiffs' prayer for relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to allege facts sufficient to state a claim for negligence and negligent misrepresentation.

2. Plaintiffs' damages were caused by their own comparative negligence or fault, or the negligence or fault of others imputed to them, which negligence or fault bars or diminishes any recovery pursuant to C.R.S. 13-21-111.

3. Plaintiffs' claims are barred in whole or in part by the percentage of negligence or fault attributed to other defendants and/or third parties over which GIA had no right or ability to control pursuant to C.R.S. § 13-21-111.5.

4. To the extent Plaintiffs claim non-economic damages, any such damages are limited by C.R.S. § 13-21-102.5.

NOTICE OF REMOVAL - EXHIBIT "L-11"

5. GIA met its duty to act reasonably to procure the insurance coverage requested by Plaintiffs.

6. Plaintiffs suffered no injury given the dwelling limit under the Travelers Policy was increased to $1,282,384.43.

7. GIA does not control the amount of coverage limits. The amount of available coverage limits are set by the insurance carrier. GIA abides by the rates, rules, and guidelines set forth by the carrier.

8. The coverage Plaintiffs allege that they should have received was not generally available in the insurance industry for Plaintiffs' property, based on the facts provided to GIA, at the time GIA procured the Travelers Policy.

9. Plaintiffs' alleged damages are limited to the amount of coverage that was actually available to Plaintiffs at the time. *See, e.g., Pete's Satire, Inc. v. Commercial Union Ins. Co.*, 698 P.2d 1388, 1391 (Colo. App. 1985).

10. Plaintiffs failed to reasonably mitigate their damages, if any.

11. Plaintiffs' claims may be barred by the applicable statute of limitations.

12. GIA reserves the right to add or strike affirmatives defenses as warranted by discovery, including, but not limited to, any liability defenses once the facts and circumstances precipitating this lawsuit are learned via discovery.

## DEFENDANT DEMANDS A TRIAL BY JURY

DATED:  May 31, 2023

*s/ Ryan C. Gill*
Ryan C. Gill
Jackson D. Beal
LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendant Geico Insurance Agency*

NOTICE OF REMOVAL - EXHIBIT "L-11"

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT GEICO INSURANCE AGENCY, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** was filed and served to all counsel of record electronically via ICCES, the Integrated Colorado Courts E-filing System, this 31st day of May, 2023, as follows:

*s/ Ryan C. Gill*
Lewis Brisbois Bisgaard & Smith LLP