IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 23-cv-01413-NYW-STV

ERIN LINDSAY; and
CHRISTOPHER LINDSAY

    Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY; and
GEICO INSURANCE AGENCY, LLC

    Defendants.

---

**STIPULATION AND PROTECTIVE ORDER**

---

    The discovery sought by the parties in the above-captioned case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information**

    1.    *Designation of Confidential Information.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on

1

the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential Information also shall be deemed confidential and shall be subject to the provisions of this Order.

2. *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. *Good Faith.* Documents may only be marked as confidential upon a review and good faith determination that the document or portions of the document contain competitive, proprietary, trade secret or other information of a sensitive nature about the party.

## Access to Confidential Information

5. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) The Court and its staff;

(b) The named Parties, including attorneys of record in this litigation and their affiliated attorneys, paralegals, clerical and secretarial staff employed by the Attorneys of record's law firm and are not employees of any Party. Provided, however, that each non-lawyer given access to Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms.

(c) Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this litigation; provided, however, that prior to the disclosure of Confidential Information to any such officer, director, partner, member, employee or agent, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

(d) Court reporters and/or videographers transcribing or recording a deposition, hearing, or other proceeding in this matter.

(e) Any deposition, trial, or hearing witness in this litigation who previously has had access to the Confidential Information, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Information.

(f) Any deposition, trial, or hearing witness in this litigation who previously did not have access to the Confidential Information, with the exception of any witness that is a competitor of any of the parties to this matter; provided, however, that each such witness given access to Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms

(g) Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with this litigation, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of Confidential Information to any such expert or expert consultant, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

(h) Mock jury participants and moderators, provided, however, that prior to the disclosure of Confidential Information to any such mock jury participant, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms

4

of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

(i) Any representatives of the parties' insurance carriers, including, but not limited to, claims adjusters, consultants, and third-party adjusters.

(j) Any person conducting or assisting with alternative dispute resolution.

(k) Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

5. *No Copies/Notes.* Except for use by outside counsel for the parties hereto and/or use by independent experts and/or consultants, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

6. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

7. *Use in this Litigation Only.* Confidential Information may be used only for the purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

8. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the

5

deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

9. *Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

10. *Filing Copies of Confidential Documents.* Each document filed with the Court that contains any Confidential Information shall be filed as "restricted" level 1, in accordance with D.C.COLO.LCivR 7.2. The party designating the documents as Confidential is responsible for filing a Motion to Restrict under D.C.COLO.LCivR 7.2(c).

11. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

12. *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information; or else shall certify in writing that any documents or copies thereof not so returned have been destroyed. The Parties' respective Counsel may retain one copy of "Confidential Information" for purposes of maintaining a complete file. However, the requirements of this protective order will continue to apply to any such "Confidential Information" retained by counsel after termination of this case.

**Other Provisions**

13.     *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

14.     *Objections.* A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objections within ten (10) court days after objections are received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within twenty (20) court days after objections are received, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. *Gillard v. Boulder Valley School District*, 196 F.R.D. 382 (D. Colo. 2000).

15.     *Miscellaneous.* This Order shall apply to the production of all Confidential Information whether or not such materials are informally produced or produced in response to a

7

formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates, regardless of whether the document containing this information was marked as confidential.

APPROVED:

Dated: December 5, 2023                                              Dated: December 5, 2023

*s/ Ryan C. Gill*                                                           *s/ Susan S. Minamizono*
Ryan C. Gill, Esq.                                                          Bradley A. Levin, Esq.
Jackson D. Beal, Esq.                                                   Susan S. Minamizono, Esq.
Lewis Brisbois Bisgaard & Smith LLP                          Levin Sitcoff Waneka PC
1700 Lincoln Street, Suite 4000                                   1512 Larimer Street, Suite 650
Denver, CO 80203                                                        Denver, CO 80202
Phone: 303.861.7760                                                    Phone: (303) 575-9390
ryan.gill@lewisbrisbois.com                                        brad@lsw-legal.com
jackson.beal@lewisbrisbois.com                                susan@lsw-legal.com
*Counsel for Defendant Geico Ins. Agency*                *Counsel for Plaintiffs*

Dated: December 5, 2023

*s/ Evan B. Stephenson*
Evan B. Stephenson, Esq.
Nathaniel S. Barker, Esq.
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
303-839-3800
estephenson@spencerfane.com
nbarker@spencerfane.com

*Counsel for Defendant Travelers Home and Marine Ins. Company*

8

**<u>ORDER</u>**

The parties having stipulated and agreed hereto, it is SO ORDERED.

DATED this _____ day of _____, 2023.

_____
United States District Court

# **EXHIBIT A: CERTIFICATION RE CONFIDENTIAL DOCUMENTS**

*Lindsay v. The Travelers Home and Marine Insurance Company and Geico Insurance Agency, LLC, U.S. District Court, District of Colorado Case No. 23-cv-01413*

NAME: _____

TITLE: _____

EMPLOYER: _____

ADDRESS: _____

PHONE: _____

EMAIL: _____

1. I have read and understand the Stipulated Protective Order issued by the Court in *Lindsay v. The Travelers Home and Marine Insurance Company and Geico Insurance Agency, LLC,* U.S. District Court, District of Colorado Case No. 23-cv-01413 (the "Proceeding").

2. I acknowledge that I am about to receive Confidential Information, as defined in the Stipulation and Protective Order, in connection with the Proceeding. I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.

3. I agree to be bound by the terms of the Stipulation and Protective Order and to submit to the jurisdiction of the United States District Court, District of Colorado, for any proceedings with respect to the Stipulated Protective Order.

4. I agree Confidential Information may be used solely for the purposes of this Proceeding and for no other purpose. I understand that the Confidential Information, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not disclose, copy, or otherwise use any Confidential Information obtained pursuant to the Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

5. I understand that I am to retain all copies of all Confidential Information provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

6. I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

DATED: _____    Signature: _____