IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01413-NYW-STV

ERIN LINDSAY; and
CHRISTOPHER LINDSAY,

        Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY; and
GEICO INSURANCE AGENCY, LLC,

        Defendants.

---

**MOTION TO ENFORCE DEPOSITION SUBPOENA TO STEPHANIE BROWN BY DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

---

Pursuant to Federal Rule of Civil Procedure 45, Defendant The Travelers Home and Marine Insurance Company ("Travelers"), moves to enforce its deposition subpoena to non-party Stephanie Brown, after her failure to appear for her continued deposition on May 12, 2025.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel conferred with the parties' counsel and is authorized to represent that Co-Defendant Geico Insurance Agency, LLC ("Geico"), does not oppose the motion. Plaintiffs' counsel takes no position on the motion. The undersigned reached out to Stephanie Brown to confer, but she continued to ignore the undersigned's attempt to confer with her.

**BACKGROUND**

1.     Plaintiffs sued Travelers and claimed that it should reform their

homeowner's dwelling policy limit upwards to $2,731,440.74, the amount they claimed during claim adjustment was needed to rebuild their home destroyed in the Marshall Fire according to its "as/was-build specifications." (*See* Am. Compl. ¶ 53, ECF No. 76; Parties' Proposed Scheduling Order 6, ECF No. 33 (listing in Plaintiffs' computation of damages: "Reformation of the Policy limits based on the accurate as/was-built specifications of Plaintiffs' home, or $2,731.440.74 (as of August 2022)").)

      2.     Plaintiffs' allegedly "accurate" rebuild figure ($2,731.440.74), which is supposedly based on the "as/was-built specifications of Plaintiffs' home," derives from an Xactimate estimate created by Stephanie Brown of Glimmer Claim Services. (Glimmer Estimate at TRAVELERS_003028, ECF No. 103-1.) Below is a screenshot of the summary line of her estimate:



(*Id.* (emphasis added))

3.    Travelers' answer and counterclaims focus heavily on the inaccuracy of the $2,731.440.74 figure and Plaintiffs' assertions and claims based on it. (Travelers' Ans. to Pl.'s First Am. Compl. and Counterclaims 22–26, 29–33, ECF No. 77; *id.* at 39–42.)

4.    Travelers alleges Plaintiffs presented a false and inflated rebuild cost figure, namely, the $2,731.440.74 figure Ms. Brown provided with her Xactimate estimate.

5.    The figure appears to rest on many inaccuracies regarding status of Plaintiffs' pre-fire home, as well as the cost to rebuild.

6.      Because Ms. Brown prepared the inflated and false $2,731.440.74

estimate, she is a witness with discoverable information pertinent to the parties' claims,

defenses, and counterclaims.

7.      Ms. Brown's deposition is critical to this case. Travelers' counsel has been

seeking her deposition since at least September 2024. Initially, Plaintiffs' counsel

attempted to facilitate her deposition, given that Plaintiffs were Ms. Brown's customers.

Below is a screenshot of an email, among others, in which this occurred:



8.      After various back-and-forth emails trying to schedule Ms. Brown's

deposition, Plaintiffs' counsel eventually informed the undersigned in late December

2024 that Ms. Brown had stopped communicating with Plaintiffs' counsel, as shown in

the screenshot below from the pertinent portion of the email in question:



9.      As shown above, Plaintiffs' counsel instructed the undersigned to subpoena Ms. Brown if necessary.

10.     Travelers' counsel made substantial efforts to locate and communicate with Ms. Brown without the aid of Plaintiffs' counsel, given that Ms. Brown had ghosted Plaintiffs' counsel.

11.     Travelers eventually subpoenaed Ms. Brown to appear for a deposition at the office of Travelers' counsel on March 7, 2025. (Ex. 1, Subpoena with Return of Service at 1.) Travelers personally served the subpoena on February 21, 2025 via a process server. (Ex. 1 at 8.)

12.     Travelers served on February 21, 2025 a notice of deposition for the March 7, 2025 deposition. (Ex. 2.)

13.     Plaintiffs' counsel, however, was unavailable on that day and requested that the deposition be rescheduled for later dates after the then-existing expert disclosure deadline. To accommodate opposing counsel and to avoid involving the Court in a dispute, Travelers' counsel agreed. Brown's deposition was then scheduled for March 25, 2025. Travelers served the deposition notice for that rescheduled

deposition on March 7, 2025. (Ex. 3.)

14.     Travelers tendered to Ms. Brown one day's witness fee and mileage. Ms. Brown cashed the check. (Travelers' counsel will provide a copy of the check upon the Court's request but has not attached it because it includes both Ms. Brown's signature and bank account and routing numbers.)

15.     The deposition had to be rescheduled because, the weekend before the scheduled deposition, Ms. Brown suffered a family tragedy. Travelers did not believe it would be wise or fair to Ms. Brown to expect her to sit for a deposition so shortly after a family tragedy. Accordingly, the parties rescheduled the deposition for May 6, 2025, based on Ms. Brown's representation that she would be out of town from April 19, 2025 to April 29, 2025. Again, Travelers was patient and accommodating.

16.     Travelers' counsel contacted Ms. Brown on April 17, 2025 requesting she hold May 6, 2025 for the deposition. At that time, Ms. Brown informed Travelers' counsel that she would also be out of town from May 1, 2025 to May 19, 2025, and again from June 12, 2025 to June 22, 2025. In an effort to take Ms. Brown's deposition in advance of the expert disclosure deadline, Travelers' counsel informed Ms. Brown that the deposition could be taken remotely on May 6, 2025 to accommodate her travels. Ms. Brown agreed. A screenshot of the pertinent portion of the email chain establishing the May 6, 2025 date is below:

**From:** Hypnarowski, Marissa
**Sent:** Tuesday, April 22, 2025 12:04 PM
**To:** Stephanie Brown
**Cc:** Stephenson, Evan; Barker, Nathaniel
**Subject:** RE: [EXTERNAL] Re: Lindsay v. Travelers
**Attachments:** Travelers - Third Amended Notice of Remote Deposition of Stephanie Brown(9962870.pdf

Good afternoon Stephanie,

Please see the attached notice of your upcoming deposition. We'll follow up with the Zoom link once available.

Thank you,

**Marissa Hypnarowski** Paralegal
Spencer Fane LLP

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3744
mhypnarowski@spencerfane.com | spencerfane.com

**From:** Stephenson, Evan <estephenson@spencerfane.com>
**Sent:** Friday, April 18, 2025 9:13 PM
**To:** Stephanie Brown <stephanieabrown22@gmail.com>
**Cc:** Hypnarowski, Marissa <mhypnarowski@spencerfane.com>; Barker, Nathaniel <nbarker@spencerfane.com>
**Subject:** RE: [EXTERNAL] Re: Lindsay v. Travelers

Marissa,

See below. Please notice the deposition as a Zoom deposition on Monday.
Thanks.

**From:** Stephanie Brown <stephanieabrown22@gmail.com>
**Sent:** Friday, April 18, 2025 4:07 PM
**To:** Stephenson, Evan <estephenson@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: Lindsay v. Travelers

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Yes that is possible

Stephanie Brown
Mobile: (214) 809-9938
StephanieABrown22@gmail.com

1

On Thu, Apr 17, 2025 at 4:07 PM Stephenson, Evan <estephenson@spencerfane.com> wrote:

Can you be deposed by Zoom on May 6?

17.      On May 6, 2025, Ms. Brown and the parties appeared for a remote deposition which began at 10:06 a.m. Mountain Time. After approximately one hour, Ms. Brown asked to terminate the deposition, claiming she had other commitments that day. She had not previously requested any limitations on her testimony. To the contrary, she had said she was available on May 6, 2025, without expressing any limitation. Ms. Brown claimed for the first time that she had other meetings that day. Ms. Brown

resisted the idea of being deposed on a business day because she apparently did not want to miss time away from work.

18.     Counsel for the parties accommodated this desire so that Ms. Brown would not have to be deposed on a workday and would not have to miss work during her rescheduled deposition. Solely to accommodate Brown, the attorneys representing the parties agreed to complete her deposition on a Saturday. Ms. Brown and counsel for the parties agreed to resume the deposition on Saturday, May, 10, 2025. They chose that day because Brown indicated she did not have any other obligations that day and her spouse would be available to provide childcare. Ms. Brown herself acted as though she wanted to complete her deposition that day. Below is a screenshot of the pertinent portion of the applicable email chain:

| | |
|---|---|
| **From:** | Hypnarowski, Marissa |
| **Sent:** | Tuesday, May 6, 2025 12:50 PM |
| **To:** | 'StephanieABrown22@gmail.com' |
| **Cc:** | Stephenson, Evan; Barker, Nathaniel |
| **Subject:** | RE: [EXTERNAL] Re: Lindsay v. Travelers |

Hi Stephanie,

I just left you a voicemail regarding your continued deposition in the Lindsay v. Travelers matter.

We are scheduling the deposition to resume this **Saturday, May 10, 2025 at 10:00 a.m.** at the offices of Spencer Fane, located at 1700 Lincoln Street, Suite 2000, Denver, CO 80203.

I will follow up with an updated Notice of your deposition but would like to confirm your availability. Please note that there are approximately six (6) hours remaining in your deposition. Although it's possible that the attorneys may not need the entire time, please be sure that you have that timing reserved on your calendar in the event the full time is necessary.

Thank you,

**Marissa Hypnarowski** Paralegal
Spencer Fane LLP

19.     That afternoon, Travelers' counsel's paralegal contacted Ms. Brown to confirm the continued deposition date of May 10, 2025, as shown in the screenshot above.

20.     Ms. Brown changed her position again. She subsequently informed the undersigned's paralegal that she, in fact, would not be available to complete the deposition on the agreed Saturday, because Ms. Brown had a previously unmentioned appointment at 1:30 p.m. Mountain Time that day.

21.     After ruling out Saturday, May 10, Ms. Brown further indicated to the undersigned's paralegal that she did have availability for the anticipated time needed to complete the deposition on both May 12 and 13, 2025.

22.     On May 7, 2025, the parties agreed to resume the deposition on May 12, 2025 to accommodate Ms. Brown's schedule. The undersigned, who was in the process of attending a trial in Clear Creek County District Court as appellate counsel, had a colleague cover most of the May 12 trial day, to enable him to take the deposition at a time Ms. Brown indicated she could do.

23.     Plaintiffs' counsel, also, made an additional effort to accommodate Ms. Brown's changed position. Susan Minamizono had her colleague, Jeremy Sitcoff, who had previously not been involved in the case, agree to attend the rescheduled deposition on May 12, because Ms. Minamizono had a scheduling conflict.

24.     Travelers' counsel's paralegal then provided notice to Ms. Brown of the agreed deposition date of May 12, 2025 at 12:00 p.m. Mountain Time and sent her an amended notice at her email address. A screenshot of the pertinent portion of the applicable email chain appears below:

---

**From:** Hypnarowski, Marissa
**Sent:** Wednesday, May 7, 2025 11:55 AM
**To:** StephanieABrown22@gmail.com
**Cc:** Stephenson, Evan; Barker, Nathaniel
**Subject:** RE: [EXTERNAL] Re: Lindsay v. Travelers
**Attachments:** Travelers - Notice of Continued Videotaped Deposition of Stephanie Brown(10001824.pdf

Hi Stephanie.

I just left you a voicemail regarding your continued deposition in the Lindsay v. Travelers matter.

The attorneys were able to accommodate your availability which we had discussed over the phone yesterday and have noticed the continued deposition to take place on **Monday, May 12, 2025 at 12:00 p.m. (MDT)** at the offices of Spencer Fane, 1700 Lincoln Street, Suite 2000, Denver, CO 80203.

Attached is the notice of your continued deposition. Mr. Stephenson anticipates the deposition will conclude at 5:00 p.m. as long as everything runs smoothly, but please keep in mind that there are approximately six (6) hours remaining in your deposition and have the full time reserved on your calendar.

Parking is available across the street from the Sherman Street entrance to the building (https://www.lazparking.com/local/denver-co/wells-fargo-center) which our receptionist can validate upon your arrival. Please do not hesitate to contact reception at 303-839-3800 should you need any further details regarding parking and directions.

Please give me a call or reply to this message to confirm receipt of this information.

Thank you,

**Marissa Hypnarowski** Paralegal
Spencer Fane LLP

---

25.     Travelers served a notice of the rescheduled deposition on May 7, 2025.
(Ex. 4.)

26.     Ms. Brown did not appear for the deposition. Noon on May 12, 2025 arrived, and counsel for the parties, a court reporter, and videographer all appeared for the deposition. Counsel for Plaintiffs and Geico appeared remotely. The undersigned, the court reporter, and the videographer attended in person.

27.     The transcript of the parties' appearance for the rescheduled deposition on May 12, 2025 is attached as Exhibit 5 to this motion.

28.     As reflected in the transcript, Ms. Brown failed to appear at the deposition. (Ex. 5 at 5:11–13.) Around the noticed start time on May 12, 2025, the undersigned's paralegal confirmed with Ms. Brown that "[s]he's not coming." (*Id.* at 5:18.)

10

29.    Ms. Brown was aware of her right to file a motion to quash the subpoena and even indicated she may do so. (*Id.* at 5:3–8.)

30.    Ms. Brown, however, has not filed any motion to quash or taken any other action regarding her obligations under the subpoena.

31.    The undersigned requested conferral with Ms. Brown on her anticipated motion to quash and offered to discuss further accommodations. These potential accommodations included shortening the deposition. Ms. Brown never responded to the undersigned's overture.

32.    She chose not to appear, despite the extensive efforts of the parties' counsel to accommodate her in every way possible.

33.    Ms. Brown has knowledge and savviness regarding insurance and litigation issues. She is a former claim professional who has been deposed previously and has been involved in sophisticated insurance claim processes.

## ARGUMENT

"Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena must comply with it." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605-PAB-KMT, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). A non-party witness is subject to the same scope of discovery as a party. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253–54 (S.D. Ind. 2002); Fed. R. Civ. P. 45, advisory committee's note to 1991 amendment.

"A subpoena to appear at the deposition is a court order." *Guerra v. Bellino*, No. CV SA-14-CA-0652-XR, 2015 WL 14094821, at *1 (W.D. Tex. Mar. 26, 2015) (citing *United States v. Bryan*, 339 U.S. 323 (1950). When a non-party is properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend the deposition. *Id.* (citing *Francois v. Blandford*, No. 10-1330, 2012 WL 777273 (E.D. La. March 7, 2012)).

The subpoenaing party's "remedy for failure to comply with a subpoena is to seek to hold the non-complying individual in contempt of court." *Windsor*, 175 F.R.D. at 669. "The failure to produce a pertinent document or failure to ***appear*** after having been subpoenaed constitutes contempt of court." *Id.* (citing 28 U.S.C. § 636(e)). "Any contempt occurring before a United States Magistrate Judge must be certified to a United States District Judge." *Id.* Rule 45(g) of the Federal Rules of Civil Procedure provides as follows regarding noncompliance with subpoenas:

> **(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45(g). A party who disobeys a subpoena may be required to pay the attorney fees and pertinent expenses of the subpoenaing party. *See Erickson v. Builder Advisor Grp. LLC*, No. 22-MC-80094-JST, 2023 WL 3579317, at *1 (N.D. Cal. Feb. 3, 2023); *Guerra v. Bellino*, No. CV SA-14-CA-0652-XR, 2015 WL 14094821, at *1 (W.D. Tex. Mar. 26, 2015) ("Attorney's fees and costs can be assessed against a non-party for failure to appear at a deposition."). These expenses may include the cost of process.

*See Erickson*, 2023 WL 3579317 at *3. The Court may also rely on Rule 45(g) to compel deposition attendance. *Fox v. Experian Info. Sols., Inc.*, No. 1:22-CV-1197-DAD-SCR, 2025 WL 347161, at *2 (E.D. Cal. Jan. 30, 2025) ("Contempt sanctions can include deposition attendance fees and attorney's fees.").

  Here, Ms. Brown has not provided any written objection to the subpoena or filed any motion to quash, despite being aware of her right to do so. She has lodged no legitimate objection to attending her deposition. To the contrary, as explained in the Background section above, Ms. Brown has repeatedly agreed to the deposition, provided dates when she said she could complete it, and even began the deposition before terminating it early unexpectedly. Nevertheless, for no valid reason, Ms. Brown intentionally failed to appear at her rescheduled deposition on a date she provided, after the parties went to substantial lengths to accommodate her schedule. Indeed, counsel for the parties even agreed to complete her deposition on a Saturday to avoid any need for her continued deposition to take place on a workday, again to accommodate her. The facts show that Ms. Brown intentionally disobeyed the subpoena and that extensive efforts to complete her deposition have been met with resistance, shifting excuses, and intentional noncompliance with her legal obligation to be deposed as the crucial witness who supplied Plaintiffs with their rebuild figure during claim adjustment, for which Travelers is now being sued for millions of dollars in multiplied benefits and bad faith damages.

  Travelers has been and is being severely prejudiced by Ms. Brown's intentional failure to appear and also her failure to cooperate with its attempts to depose her.

Plaintiffs are now opposing any extension of Travelers' expert deadlines. Ms. Brown's testimony is an important ingredient for the opinions of Travelers' experts, given that she produced Plaintiffs' primary estimate on which their lawsuit was based when it was filed and on that Travelers' defenses and counterclaims address. Ms. Brown's continued refusal to comply with her obligation to be deposed threatens to prejudice Travelers by depriving its experts of information they need to fully analyze the basis for Plaintiffs' inflated, inaccurate rebuild estimate—one of the most important items of evidence in this entire case. The Court can cure this prejudice by ordering Ms. Brown to attend her deposition, awarding fees and costs necessitated by her noncompliance with the subpoena, and granting Travelers' forthcoming motion for a further extension of its expert deadlines.

## CONCLUSION

For these reasons, Travelers respectfully requests that the Court enter and order:

1.      Ordering Stephanie Brown to attend her deposition in person at the undersigned's office in person within 21 days of the Court's order;

2.      Relying on its authority under Federal Rule of Civil Procedure 45(g) to require Stephanie Brown to pay the attorney fees, costs, and expenses incurred due to her noncompliance with the subpoena.

DATED: May 14, 2025.                    Respectfully submitted,


                                        *s/ Evan Bennett Stephenson*
                                        Evan Bennett Stephenson
                                        Nathaniel Scott Barker
                                        Spencer Fane LLP
                                        1700 Lincoln Street, Suite 2000
                                        Denver, CO 80203
                                        Telephone: (303) 839-3800
                                        Facsimile: (303) 839-3838
                                        Email:
                                                estephenson@spencerfane.com
                                                nbarker@spencerfane.com

                                        Attorneys for Defendant The Travelers
                                        Home and Marine Insurance Company

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Ryan C. Gill**
  ryan.gill@lewisbrisbois.com, April.Knoke@lewisbrisbois.com, MN.E-Storage@lewisbrisbois.com

- **Jackson D. Beal**
  jackson.beal@lewisbrisbois.com, DEN.E-Storage@lewisbrisbois.com, Terri.O'Brien@lewisbrisbois.com

- **Bradley Aaron Levin**
  brad@lsw-legal.com, nicole@lsw-legal.com, karen@lsw-legal.com, nelson@lsw- legal.com

- **Susan S. Minamizono**
  susan@lsw-legal.com, nicole@lsw-legal.com, karen@lsw-legal.com

I further hereby certify that I am serving the foregoing on Ms. Stephanie Brown at the email address at which she has communicated with counsel regarding this case (stephanieabrown22@gmail.com)

*s/ Evan Bennett Stephenson*
Evan Bennett Stephenson