AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Erin Lindsay and Christopher Lindsay <br> *Plaintiff* <br> v. <br> The Travelers Home and Marine Insurance Company and GEICO Insurance Agency, LLC <br> *Defendant* | ) ) ) ) Civil Action No. 23-cv-01413-NYW-STV ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Stephanie Brown
7790 E 32nd Ave., Denver, CO 80238

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Spencer Fane LLP <br> 1700 Lincoln Street, Ste. 2000, Denver, CO 80203 | Date and Time: <br> 03/07/2025 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and videographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/21/2025

CLERK OF COURT
OR

_____      s/ *Evan Stephenson*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant The Travelers Home and Marine Insurance Company, who issues or requests this subpoena, are:
Evan Stephenson, Spencer Fane LLP, 1700 Lincoln St., #2000, Denver, CO 80203, estephenson@spencerfane.com, 303-839-3800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
(Stephanie Brown)

**DEFINITIONS AND INSTRUCTIONS**

1. Please produce all requested documents within your possession, custody or control, or within the possession, custody or control of any of your agents, representatives, and/or attorneys, or anyone acting on your behalf, two days prior to the scheduled deposition. The documents should be sent via email to Evan Stephenson and Nathaniel Barker at estephenson@spencerfane.com and nbarker@spencerfane.com by 9:00 a.m. on March 5, 2025.

2. "Communication(s)" means emails, correspondence, memoranda, notes, text messages, telephone messages, instant messages, posts, tweets, social media messages, sound recordings, visual recordings, photographs, and voice mail.

3. "Document(s)" means every original, draft, and duplicate of every writing and recording of every type and description, including, but not limited to, all writings, recordings, electronic or magnetic recordings or transmissions of information, and photographs, as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and all documents or tangible things, as those terms are used in Rule 34 of the Federal Rules of Civil Procedure.

4. "Person" includes, wherever appropriate, not only a natural person but also a corporation, partnership, unincorporated association, joint venture, sole proprietorship, firm or business enterprise, and any other association of persons or legal entity, as well as all divisions, subdivisions, bureaus, offices, or other units thereof.

5. "You" or "your" means Stephanie Brown and/or any of your agents, independent contractors, business partners, employees, legal counsel, and other representative(s), including but not limited to Glimmer Claims Services LLC.

6. "Travelers" means The Travelers Home and Marine Insurance Company, or any

representatives or agents acting on Travelers' behalf.

7. "Geico" means Geico Insurance Agency, LLC, or any representatives or agents acting on Geico's behalf.

8. "Plaintiffs" means the Plaintiffs in this action, Erin Lindsay and Christopher Lindsay.

9. "Subject Property" means the residential property located at 826 Trail Ridge Drive, Louisville, Colorado 80027.

10. "Wildfire" refers to the Marshall Wildfire experienced on or about December 30, 2021 at the Subject Property.

11. "Subject Claim" means insurance claim no. IRX8418 submitted by Plaintiffs to Travelers on or about December 31, 2021, regarding alleged damage caused by the Wildfire.

12. "Subject Policy" means insurance policy no. 0I5796-994039763-633-1 issued to Plaintiffs with effective dates of June 4, 2021 through June 4, 2022.

13. "Subject Litigation" means the lawsuit *Erin Lindsay and Christopher Lindsay v. The Travelers Home and Marine Insurance Company and Geico Insurance Agency, LLC*, no. 1:23-cv-01413-STV, United States District Court for the District of Colorado.

## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. All documents that evidence, describe, create, establish, substantiate, consist of, constitute, discuss, disclose, make, or communicate with Plaintiffs, the Subject Property, any building plans or permits regarding the Subject Property, the Subject Claim, and/or the Subject Litigation, including, but not limited to, all documents, emails, texts, communications, correspondence, invoices, photographs, audio recordings, building plans, permits, price quotes, measurements, photographs, video recordings, transcripts, handwritten notes, all versions of all

contracts, agreements, engagement letters, fee agreements, bills, time records, invoices, calculations, memoranda, estimates, drafts of estimates, other cost information obtained from outside sources, electronically stored data, documents shared via Google Docs, DropBox, or other similar web-based applications, and/or documents or data produced or stored in any Xactimate database, or any other database or software, including any and all files in their native format in Xactimate with file extension .ESX.

2. All documents, contracts, agreements, including, but not limited to, engagement letters, fee agreements, or contingent fee agreements, between you and Plaintiffs under which you performed any services or work in connection with the Subject Property, the Subject Claim, and/or the Subject Litigation, or that evidence, effect, or discuss the sale or purchase of any interest in real property or any structure at the site of the Subject Property.

3. All bills, time records, invoices, and other documents memorializing, recording, or reflecting the time you spent performing services for, or working on, the Subject Property, the Subject Claim, and/or the Subject Litigation.

4. All communications between you and Plaintiffs that discuss any aspect of the Subject Property, the Subject Claim, and/or the Subject Litigation, or that were generated in connection with your work on the Subject Property, the Subject Claim, and/or the Subject Litigation.

5. All documents comprising or reflecting any or all payments made or received by you in connection with the Plaintiffs, the Subject Property, the Subject Claim, and/or the Subject Litigation, including, but not limited to, checks, check stubs, bank statements, bank deposit receipts, check registers, credit card statements, bills, receipts of any kind, invoices, work orders, and/or itemized statements.

6. All estimates and draft estimates you received, prepared, compiled, and/or edited regarding the Subject Property, the Subject Claim, and/or the Subject Litigation, including any and all versions in their native format in Xactimate (with file extension .ESX), and any files produced or stored in any other database or software (including any and all files in their native format).

7. All subcontractor bids you received, prepared, compiled, and/or edited regarding the Subject Property, the Subject Claim, and/or the Subject Litigation, including any and all versions in their native format in Xactimate (with file extension .ESX), and any files produced or stored in any other database or software (including any and all files in their native format).

8. All emails or other communications received or sent by you, which in any way related to the Subject Property, the Subject Claim, and/or the Subject Litigation.

9. All communications between you and any contractor or sub-contractor who created, drafted, or submitted a bid, estimate, or draft estimate, or discussed a bid, estimate, or draft estimate for work performed at the Subject Property, or other work discussing the Subject Property, the Subject Claim, and/or the Subject Litigation.

10. All documents such as blueprints, architectural drawings, permits, documents submitted with any request or application for permits, and building plans that specify, depict, or describe the layout or dimensions of any aspect of the Subject Property.

11. All communications between you and any contractor who created, drafted, or submitted a bid, estimate, or draft estimate, or discussed a bid, estimate, or draft estimate for work to be performed at the Subject Property, the Subject Claim, the Subject Policy, and/or the Subject Litigation.

12. All communications between you and any entity or individual who performed work at the Subject Property.

13. Actual cost information for the work performed at the Subject Property, including:

   a) Any and all repair scopes, specifications, drawings, and instructions prepared and presented to bidding contractors or sub-contractors;

   b) Any repair or replacement estimates prepared by bidding contractors or sub-contractors;

   c) Any contract documents related to work performed at the Subject Property between you and anyone else, including sub-contractors;

   d) Any project logs for work performed at the Subject Property, including any request for information log, change order request, and approval log;

   e) Any daily reports, including labor, daily sign-in sheets, foreman progress and status reports, and condition and progress photographs;

   f) Submitted payment request cover sheets; back-up invoicing for materials purchased, including supplier and manufacturer proposals; back-up invoices/receipts for all work performed at the Subject Property, including all general condition items; all permits and other incurred charges; any sub-contractor invoices; copies of all invoices and cancelled checks for payments made by Plaintiffs to you; and any other incurred charges for work performed at the Subject Property; and

   g) Pay-out applications.

| | |
|---|---|
| ☐ County Court   ☐ District Court<br>County, Colorado<br>United States<br>Colorado<br><br>**Plaintiff**: Erin Lindsay and Christopher Lindsay<br>v.<br>**Defendant**: The Travelers Home and Marine Insurance Company and GEICO Insurance Agency, LLC | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney:<br><br>Phone Number:              E-mail:<br>FAX Number:               Atty. Reg. #: | Case Number: 23-CV-01413-NYW-STV<br><br>Division_____ Courtroom_____ |
| **RETURN OF SERVICE** | |

Received by Professional Process Servers, LLC to be served on **STEPHANIE BROWN, 7790 E 32nd Ave, Denver, CO 80238**.

I, Alex Jurim, do hereby affirm that on the **21st day of February, 2025** at **3:50 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** to: **STEPHANIE BROWN** at the address of: **7790 E 32nd Ave, Denver, CO 80238**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
2/21/2025  3:50 pm  White female 30s long blonde hair  aprox 5'7 no glasses..

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

_____
Signature of Process Server

**Alex Jurim**
Process Server

Professional Process Servers, LLC
998 East Davies Avenue
Centennial, CO 80122
(303) 515-7250

Reference: Lindsay v. Travelers    RETURN OF SERVICE    Page 1 of 1
Job Number: LSK-2025000666