**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01413-NYW-STV

ERIN LINDSAY and CHRISTOPHER LINDSAY,

      Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and
GEICO INSURANCE AGENCY, LLC,

      Defendants.

---

**DECLARATION OF CHRISTOPHER LINDSAY**

---

      I, Christopher Lindsay, declare that I am older than 18 years of age, of sound mind and competent to testify, and have personal knowledge of the following facts:

      1.      On October 27, 2022, I sent an updated spreadsheet to Peter Van Riper at Travelers, identifying errors in the scope of loss made by us, Glimmer Claims, and Travelers.

      2.      From September 2022 to November 2022, I advised Mr. Van Riper regarding my frustration with working with Travelers in preparing an accurate scope of loss. Attached is Exhibit A, a true and correct copy of the emails I sent to Travelers during this time frame (bates stamped TRAVELERS_001511-1532).

      3.      We finally broke ground in February 2024. I was informed then by a contractor on site that the new house could be built around the buried helical piers or caissons, and no further debris removal was necessary.

      4.      When we discovered that Travelers had previously paid us an overage of $29,051.84 for debris removal, we paid the full amount back to Travelers.

      5.      During our in-person meeting with Mr. Van Riper and Michael Gurule of Sedgwick Claims on April 21, 2022, I informed them that the debris removal had only been partially completed and that there could potentially be more costs to complete the debris removal. Mr. Gurule acknowledged that this made sense.

<span style="color:red">**EXHIBIT 2**</span>

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 15th day of October, 2025.

_____
Christopher Lindsay

| | |
|---|---|
| **From:** | Christopher Lindsay <weedlum@me.com> |
| **Sent:** | Wednesday, November 9, 2022 9:03 AM |
| **To:** | Van Riper, Peter K |
| **Cc:** | Stone, Aaron W; Gatti, Michael Robert; Ruggiero, Jenifer M |
| **Subject:** | [Attn: Michael Gatti] Re: [External] Updated Scope of Loss   IRX8418    THE TRAVELERS HOME AND MARINE INSURANCE COMPANY |

Hello Peter,

The letter we received accompanying the fourth scope on 10/5/22 says:

"We do not believe any further reformation discussions are warranted. Based on the information gathered during our investigation, this remains our final position on the matter."

Contrary to your opinion, this is an attempt to close the issue. Travelers should not use its own shoddy investigation as supporting evidence to cease further efforts. We have tried to give Travelers the information necessary to build an accurate scope. We have tried to promote an open dialogue with Travelers so items in the scope are discussed, rather than dismissed and removed without discussion. So far, Travelers has not used the information we've provided and has shown little interest in reciprocating with the open dialogue necessary to work through this claim. Your example of the steel beam illustrates this point. We told you about the steel beams in our meetings on 1/21/22 and on 4/21/22. We told you explicitly that we saw several large steel support beams in the rubble. We showed you pictures of the beams in the rubble on 1/21/22. We included them in the scope we sent to you on 8/29/22, which gave you the opportunity to ask about it. The refusal to use relevant information in your possession and the refusal to investigate when appropriate can be seen throughout our entire claim.

Travelers already has the information necessary for justifying a second reformation. As we have already told you, *many* times at this point, Travelers *offered* to send our updated scope to underwriting on 4/6/22 in a phone call with Jennifer Ruggiero. This is another example of Travelers refusing to use the information it already has. Once we have an agreed upon scope of loss, we expect Travelers to act in good faith and send our scope to underwriting, as was previously promised. There is nothing more to consider.

There were some errors in the scope we sent you, as we have already acknowledged. We have done our best to find and correct them. The updated spreadsheet we sent on 10/27/22 has all of those items marked. We also sent along a sheet showing exactly which items should be removed. The spreadsheet shows a total of 212 line items totaling $215,809.02 which we found to be in error. ***However, 110 (51%) of those errors were made by Travelers totaling $156,073.61 (72%)***. Although it is not our job to fix the Travelers' sloppy work, we have done so because we are trying to get an accurate representation of our house. That has been our mission from the beginning, which has been met with stonewalling from the start of this claim.

The spreadsheet we sent back to Travelers on 10/27/22 has our answers to all of the questions Travelers should have asked us, instead of removing the items. Whenever possible, we included photos. However, there are still many errors in the scope Travelers sent us on 10/5/22. We have already listed out many of those issues in the email we sent to Michael Gatti on 10/27/22**.** We expect you to resolve them *soon*.

Until those issues have been resolved we will remain blocked from continuing with our claim. We cannot complete engineering. We cannot sign with a builder. We cannot submit for permitting. We need to know what our budget will be before moving forward to ensure the home that will be built can be paid for. Fighting for a basic good faith handling of our claim consumes all of our time, preventing us from working on anything else.

**EXHIBIT 2-A**

TRAVELERS_001511

We await your updated spreadsheet. We expect the updated spreadsheet soon so we can move this forward with the utmost urgency.

Christopher and Erin Lindsay


On Nov 3, 2022, at 12:13 PM, Van Riper, Peter K <PVANRIPE@travelers.com> wrote:

Hi Mr. Lindsay.

We have reviewed the recent documentation you submitted regarding the adjustment of your claim under the Dwelling coverage.  This includes your correspondence of October 10, 2022.

We respectfully disagree with the facts as you have presented them.  Our letter of October 5, 2022 requested that you present the documentation with your builder and let us know if you have any questions.  We do not consider that to be closing the issue.

There are items in the builder's scope that are not included in our estimate because further support for those items are needed.  For example, there is a line item for 154.50 lineal feet of a steel wide flange beam.  That does not seem like a typical use of this material, and it was not brought up during our meeting in April.  This is new information recently presented that requires further explanation and support.

We also understand that you are requesting to have underwriting review the estimate presented by your builder.  Based on our review of the estimate and the additional information we have on file at this time, there is no indication that we are in possession of any information that would justify a second reformation.  We remain open to reconsider this position if new information is provided.

The complexity of the scope of work would be daunting for anybody.  Feel free to have your builder review this information for you so we can continue to work with them on resolution.

Peter.


**Peter K. Van Riper II**  |  **Claim Professional**  |  **Property Claim**
Travelers
Diamond Bar, CA
Property Claim
W: (951) 397-1643    F: (866)381-6247
Mailing Address: Travelers – PO Box 650293, Dallas, TX 75265-0293

**<image001.png>**

---

**From:** Christopher Lindsay <weedlum@me.com>
**Sent:** Monday, October 10, 2022 9:32 AM
**To:** Van Riper, Peter K <PVANRIPE@travelers.com>
**Cc:** Stone, Aaron W <AWSTONE@travelers.com>; Gatti, Michael Robert <MGATTI@travelers.com>; Ruggiero, Jenifer M <JMRUGGIE@travelers.com>

TRAVELERS_001512

**Subject:** Re: [External] Updated Scope of Loss IRX8418 THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

Hello Peter,

The scope you have attached is not completed, as is evident by the fact that it is missing hundreds of line items representing features we had in our pre-loss condition home. The spreadsheet you attached included a column that explicitly asks for our comments. The fact that you have given us a "final position" without following up with questions for "more information needed" line items or asking for our input tells us that, yet again, a good faith effort to accurately capture the pre-loss condition of our home has not yet been made. This issue is not closed. No decisions have been finalized. A resolution is still required.

There absolutely is cause to send a scope that we've approve back to underwriting to revise our limits. This action was promised to us by Travelers and is a necessary step in resolving the bad faith actions committed earlier in our claim.

We will review all of the documents you sent and get back to you with our response. Going through the entire scope of loss again will require some time. As you know, our time is dominated by taking care of our baby. Chris is taking some time off of work to attempt to speed up our review, but it will still take some time to complete. We will send your our full response as soon as we are able to complete our review. Our expectation remains that Travelers will send the scope of loss to underwriting to review how our limits were adjusted and make further changes.

Chris and Erin Lindsay
826 Trail Ridge Dr.

On Oct 5, 2022, at 3:47 PM, Van Riper, Peter K <PVANRIPE@travelers.com> wrote:

Hi Mr. Lindsay.

Attached is a letter addressing your recent email.  Also attached is the explanation of benefits letter for this payment, updated estimate, and a spreadsheet that explains the difference in scope.

Please let me know if you have any questions.  Thank you.

Peter.

**Peter K. Van Riper II**  |  **Claim Professional**  |  **Property Claim**
Travelers
Diamond Bar, CA
Property Claim
W: (951) 397-1643    F: (866)381-6247
Mailing Address: Travelers – PO Box 650293, Dallas, TX 75265-0293

**<image001.png>**

TRAVELERS_001513

**From:** Christopher Lindsay <weedlum@me.com>
**Sent:** Monday, October 3, 2022 9:42 AM
**To:** Van Riper, Peter K <PVANRIPE@travelers.com>
**Cc:** Stone, Aaron W <AWSTONE@travelers.com>; Gatti, Michael Robert
<MGATTI@travelers.com>; Ruggiero, Jenifer M <JMRUGGIE@travelers.com>
**Subject:** Re: [External] Updated Scope of Loss IRX8418 THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

Hello Peter,

In your last email you said you expected the reviewed scope of loss by the middle of last
week and that you would follow up with a firmer date at that time. Did you receive the
reviewed scope of loss? Do you have a firmer date to share with us? Thank you.

Christopher and Erin Lindsay
826 Trail Ridge Dr.

On Sep 23, 2022, at 1:43 PM, Van Riper, Peter K
<PVANRIPE@travelers.com> wrote:

HI Mr. Lindsay.

The consultant gave an ETA of middle of next week.  I'll follow up then
for a firmer date.

Thank you.

Peter.

**Peter K. Van Riper II  |  Claim Professional  |  Property Claim**
Travelers
Diamond Bar, CA
Property Claim
W: (951) 397-1643    F: (866)381-6247
Mailing Address: Travelers – PO Box 650293, Dallas, TX 75265-0293

**<image001.png>**

**From:** Christopher Lindsay <weedlum@me.com>
**Sent:** Friday, September 23, 2022 12:02 PM
**To:** Van Riper, Peter K <PVANRIPE@travelers.com>
**Cc:** Stone, Aaron W <AWSTONE@travelers.com>; Gatti, Michael Robert
<MGATTI@travelers.com>; Ruggiero, Jenifer M

4

<JMRUGGIE@travelers.com>
**Subject:** Re: [External] Updated Scope of Loss IRX8418 THE TRAVELERS
HOME AND MARINE INSURANCE COMPANY

Hello Peter,

Thank you for your last response. Our baby cut 4 new teeth in about a
week, and so he has required a lot of extra attention. This has slowed
our response time.

We have freely provided photos (on Jan 21st and Apr 21st),
drawings (on Jan 21st and Apr 21st), receipts(sent August 29th), and
worked tirelessly to get you a scope of loss detailing our home in pre-
loos condition (sent August 29th). We understand Travelers' desire to
review the scope of loss but our expectation remains that Travelers'
underwriting department use the information we've provided to
reexamine and readjust our limits appropriately. Anything less would
fail to correct some major issues Travelers has caused. Anything less
would mean Travelers has failed to honor the commitments they made
to us.

If you need to access the photos and layout drawings we showed to
Peter and gave to Travelers' estimator, you can find them at this link. If
you scroll down to the photos dated "January 18th 1:25PM," you'll see
the exact photos we showed Peter on Jan 21st. We are using this album
to catalog both our house and our possessions, so some of the pictures
may not be relevant to the scope of loss. If there are other documents
we can provide, please let us know.

With regard to the review of the scope of loss, do you have an ETA?

Please respond to this email within 5 business days

Chris and Erin Lindsay
826 Trail Ridge Dr.

> On Sep 15, 2022, at 4:00 PM, Van Riper, Peter K
> <PVANRIPE@travelers.com> wrote:
>
> Hi Mr. and Mrs. Lindsay.
>
> Thank you for your email.  As stated in our prior email
> from 9/1/22, we will complete a review of the estimate
> submitted by Glimmer Glass. We will work with our
> consultant on this process to ensure we provide an
> accurate and detailed scope of repairs. Once we have
> completed our review, we will advise you on this
> outcome.  To ensure a comprehensive review, we will

5

TRAVELERS_001515

let you know if we have any further questions for you or
your experts. Once a full review has been completed,
we will determine if further considerations will be made
regarding your policy limits.

Please let me know if you have any questions.

Thank you.

Peter.


**Peter K. Van Riper II | Claim
Professional | Property Claim**
Travelers
Diamond Bar, CA
Property Claim
W: (951) 397-1643    F: (866)381-6247
Mailing Address: Travelers – PO Box 650293, Dallas, TX
75265-0293

**<image001.png>**


---

**From:** Christopher Lindsay <weedlum@me.com>
**Sent:** Tuesday, September 6, 2022 2:10 PM
**To:** Van Riper, Peter K <PVANRIPE@travelers.com>
**Cc:** Stone, Aaron W <AWSTONE@travelers.com>; Gatti,
Michael Robert <MGATTI@travelers.com>; Ruggiero,
Jenifer M <JMRUGGIE@travelers.com>
**Subject:** Re: [External] Updated Scope of Loss    **THE
TRAVELERS HOME AND MARINE INSURANCE
COMPANY**

Hello Peter,

Thank you for your response.

You indicate that there is no cause for underwriting to
reconsider our reformation, but we respectfully
disagree.

On 4/6/22 we spoke to Jenifer Ruggiero in PI Customer
Advocacy about our dissatisfaction with the adjusted
limits. We told her that Travelers had made decisions
about our limits without having an adequate
understanding of the features, finishes, and amenities
in our home. We told her that this was just a repeat of
the same issue that led to our contract reformation:
Travelers continues to set our limits without using all of

6

the information provided to them. She said she would send our case back to underwriting for further review and that they would await our updated scope of loss. Reevaluating our limit adjustment is necessary because we had not received a thorough and complete scope of loss initially in January. I conveyed all of this to Michael Gatti on 4/7/22. He stated that when a reformation is considered by Travelers, "underwriting will reach out to the claims adjuster to gain additional information regarding the finishes, features and amenities etc., of the home." Because Traveler's estimate was not accurate and was missing numerous finishes, features, and amenities, Mr. Gatti informed us that the scope of loss would be amended.

Travelers has already determined that our original policy limits were set incorrectly. However, when Travelers adjusted our limits, they did so using information from an adjuster who refused to fully capture the pre-loss condition of our home. The cause for further consideration of our reformation is that the initial adjustment was based on poor information that did not fully capture the finishes, features, and amenities of our home. Mr. Gatti said that refusing to fully capture the information necessary for an accurate accounting of our home "was wrong." Therefore, basing our reformed limits on Travelers's incomplete understanding is also wrong.

The decision to reevaluate our reformation limits with an updated scope of loss was made five months ago. We expect Travelers to honor this commitment.

Although you feel that Travelers has *not* caused delays to our claim, we disagree.

Travelers's actions have caused repeated delays to the completion of our claim:

1. Our initial policy limits were set incorrectly, resulting in the need to start with a DOI complaint that was filed on 1/17/22, instead of rebuild plans.
2. We were refused a complete and thorough scope of loss until after the National Director of Large Loss Claims got involved in our case on 4/7/22. This resulted in our initial reformation being set inappropriately. It also generated uncertainty in our final rebuild budget. Both of these are cause for delays.
3. Extra time had to be spent following up on attempts to get the complete and thorough scope of loss, contesting the first reformation,

7

TRAVELERS_001517

and waiting for related responses. This took place from January to the present. This has delayed the start of our work with our architect and builder and continues to cause delays.

4.  If Travelers had cooperated in trying to construct a complete and thorough scope of loss in a timely manner, we would have been able to review and edit the complex document *before our baby was born in late February of this year*. We also would have been able to review and edit the document entirely during Chris's time off of work from early January to early July. Instead, we were slowed significantly by having to review the scope of loss with Chris back at work and with an infant to care for during a pandemic, from which he must be protected. Given that we spend more than 40 hours a week *just on feedings alone*, our progress was brought to a crawl. None of this would have happened if we'd have gotten cooperation back in January.

5.  We had to argue for basic ALE coverage so long that we didn't receive our last requested pieces until 8/15/22. There were delays getting approvals from Travelers, initial refusals to meet basic needs which we had to fight, and multiple deliveries we had to arrange and be home for. During that time, operations at home were significantly slowed by the chaos caused by having our belongings kept strewn about the floor because we lacked sufficient ALE furniture. All of this has taken precious time we could have spent working on our rebuild.

6.  We are currently blocked from moving forward with our architect and builder because the issue of our reformed limits has not been resolved and we still do not know what our final budget will be for rebuilding. Key decisions have to be made and we cannot make them until Travelers resolves this reformation appropriately.

7.  All of these delays will cause further cascading delays as we go to build because we are getting our supplies, engineering, permits, contracts, and workers later than would otherwise be true. Our builder will also have to work on a more crowded street with extra construction in progress, which will make his work slower. Every day that passes without an appropriate reformation resolution from Travelers causes further cascading delays. *This includes the refusal to send our scope of loss back to*

TRAVELERS_001518

*underwriting for further consideration five
months after Travelers agreed to do so.*

Although you may feel that Travelers *has* provided us
with a high level of claim service, we disagree.

The points listed above are some of the reasons we feel
that Travelers has not given us a high level of claims
service. We expect better service moving forward with
our claim.

As we stated in our previous email, this scope of loss
needs to be sent to underwriting. Our limits need to be
readjusted using the updated information we have
provided in order to adequately resolve our DOI
complaint and to resolve the original issue of our limits
being set incorrectly. Failure to do so at this time would
result in additional unnecessary and unreasonable
delays. Such delays would add to the costs of the
rebuild. Additionally, failure to readjust our limits
appropriately would result financial loss by failing to put
us back to where we were before the fire.

We ask that the scope of loss and repair estimate
prepared by Glimmer Claims Services be reviewed in its
entirety by underwriting. If there are any questions, I
would be happy to arrange a conversation with
Stephanie Brown, who prepared the updated scope of
loss. Again, we believe this can be resolved quickly and
appropriately and that is what we expect.

Please respond to this email within 5 business days.

Thank you for your time,

Christopher Lindsay
826 Trail Ridge Dr.

On Sep 1, 2022, at 3:02 PM, Van Riper,
Peter K <PVANRIPE@travelers.com>
wrote:

Hi Mr. Lindsay.

TRAVELERS_001519

Thank you again for your email of 8/29/22.  Please see our response to your concerns as follows.

We received notice of your fire loss on 12/31/21 and we promptly issued an advance payment of $10,000 under your Contents coverage as well as two additional payments ($500 and $108,313 respectively) on 1/11/22 and 1/12/22. Additionally, we issued an advance payment of $452,619 under your Dwelling coverage on 1/11/22.

When we met on 1/21/22, we went over the scope of the damages to your home and we explained the claims process. On 2/2/22 we issued additional payments of $141,442.39 for Dwelling and $56,577.28 for Other Structures based on our estimate and subject to policy limits. On 3/11/22, we adjusted the inflation rate to 9.3% thus providing you a new payment $33,668.17 across all applicable coverages.

Due to the concerns raised regarding your policy limits, Travelers reviewed and reformed your policy and provided you with increased limits. This allowed a supplement to be issued in the amount of $272,137.98 under your Dwelling, Tree and Other Structures coverage on 4/8/22. Two weeks later, we met again onsite with our construction consultant to evaluate the damages further. On 6/2/22, we issued an additional supplement of $100,271.66 under Dwelling, Tree and Other Structures coverage based on this adjustment. We will review your estimate from Glimmer Glass which was received on 8/29/22.

We continue to provide you with the high level of claim service required to appropriately resolve your claim. We reviewed your concerns regarding delays.  Respectfully, we disagree that we have caused any unreasonable delays, nor have we made inappropriate decisions in our handling

10

TRAVELERS_001520

of the claim.  We will work closely with our construction consultant to review the supplement requested and make any necessary adjustments within applicable policy limits and conditions.

As it pertains to your request to forward your documents to our underwriting department, as you know, we have completed a reformation of the policy and provided you with the increased limits. An external builder estimate does not appear to be cause for further consideration, but please contact your agent with any remaining concerns you may still have about such limits. We will provide you with any updates regarding our estimate review. Please expect this review to be completed within the next few weeks.

Thank you.

Peter.

**Peter K. Van Riper II** | **Claim Professional** | **Property Claim**
Travelers
Diamond Bar, CA
Property Claim
W: (951) 397-1643    F: (866)381-6247
Mailing Address: Travelers – PO Box 650293, Dallas, TX 75265-0293

**<image001.png>**

---

**From:** Van Riper, Peter K
**Sent:** Monday, August 29, 2022 6:33 PM
**To:** 'Christopher Lindsay' <weedlum@me.com>
**Cc:** Stone, Aaron W <AWSTONE@travelers.com>; Gatti, Michael Robert <MGATTI@travelers.com>; Van Riper, Peter K <PVANRIPE@travelers.com>

TRAVELERS_001521

**Subject:** RE: [External] Updated Scope of Loss

Hi Mr. Lindsay.

Just wanted to acknowledge receipt of this.  Will review and provide a response shortly.  Thank you.

Peter.

**Peter K. Van Riper II | Claim Professional | Property Claim**
Travelers
Diamond Bar, CA
Property Claim
W: (951) 397-1643    F: (866)381-6247
Mailing Address: Travelers – PO Box 650293, Dallas, TX 75265-0293

**<image001.png>**

---

**From:** Christopher Lindsay <weedlum@me.com>
**Sent:** Monday, August 29, 2022 7:58 AM
**To:** Van Riper, Peter K <PVANRIPE@travelers.com>; Stone, Aaron W <AWSTONE@travelers.com>; Gatti, Michael Robert <MGATTI@travelers.com>
**Subject:** [External] Updated Scope of Loss

> **CAUTION: This email came from outside of the c**
> **Please exercise caution when opening attachments, clicking links**
> **email. The original sender of this email is weedlum@**

Hello Peter,

Thank you for your patience while we reviewed and amended the scope of loss. My paternity leave ended shortly after getting the documents from you. Having an unvaccinated new born, working with our builder and architect to keep our rebuild progressing, and returning to work has left very little waking time to review such a detailed document. Despite these hurdles, we worked tirelessly to get this back to you as fast as we could. Our house was very

12

large and there were a lot of items missing in the scope. Ensuring we did a thorough, complete, and accurate job capturing the missing finishes, features, and amenities of our home was important to us.

Attached below you will find the amended scope of loss representing the pre-loss condition of our home. The original items from the document you sent us are included. The amendments are listed separately in each room. You will also find some relevant receipts attached.

Please send this scope of loss to underwriting. They have been waiting(since 4/6) for this document to fully resolve our complaint with the DOI(originally filed 1/17). When I spoke with Michael Gatti in April and relayed my concerns to him about how our adjusted limits were determined, he mentioned that underwriting uses information about the features, finishes, and amenities to determine an appropriate adjustment. We believe that the first attempt to resolve the DOI complaint(3/31) was insufficient because our requests for a full and complete scope of loss(first requested 1/21) had been denied. We therefore request that Travelers reassess our limit adjustment now that there is a more accurate scope of loss. Previously, Travelers saw fit to adjust our limits beyond the finishes, features, and amenities represented in our initial scope of loss. We believe it would be unreasonable to calculate new limits that fail to do the same. Please ensure underwriting adjusts our new limits in a similar fashion.

The initial refusal(1/21 and 2/16) to provide us with a thorough and complete scope of loss in a timely manner has significantly delayed our rebuild efforts. The prices of materials and services have increased substantially due to the recent record

13

TRAVELERS_001523

inflation. Delays cascading from this initial refusal force us to pay these higher costs. We believe ignoring this when considering our case would be unreasonable.

We have been progressing with our builder and architect to get started rebuilding our house as best we can. Having this complaint remain unresolved has prevented us from making key decisions with our rebuild. These delays keep us estranged from our neighborhood and we are eager to bring our baby home. Our current plan is to submit for permitting by the end of September. We cannot sign our final contract with our builder, or submit for permitting, without knowing what our budget will be for our rebuild. We expect this resolved before the end of September to avoid any further delays. We believe an appropriate resolution to this can be achieved soon and help us avoid any more unreasonable or unnecessary delays to returning home.

Please respond within 5 business days. Thank you.

Christopher Lindsay
826 Trail Ridge Dr.


<image002.jpg>

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated

TRAVELERS_001524

above. If you are not the intended recipient of this
message, please notify the sender immediately, and
delete the message and any attachments. Any
disclosure, reproduction, distribution or other use of
this message or any attachments by an individual or
entity other than the intended recipient is prohibited.

<ERIN_A_LINDSAY____
__3_INSURED_COPY_68.pdf><SOL.xls>


<Oct52022.PDF><EOBletter.pdf><ERIN_A_LINDSAY_____3_INSURED_COPY_68.pdf><SE
R22017840 - Erin & Chris Lindsay - Estimate Review Spreadsheet.pdf.xlsx>

TRAVELERS_001525

| From: | Christopher Lindsay <weedlum@me.com> |
|---|---|
| Sent: | Wednesday, November 9, 2022 9:03 AM |
| To: | Van Riper, Peter K |
| Cc: | Gatti, Michael Robert; Stone, Aaron W; Ruggiero, Jenifer M |
| Subject: | [Attn: Michael Gatti] Re: [External] Tolling ALE    IRX8418    THE TRAVELERS HOME AND MARINE INSURANCE COMPANY |

Hello Peter,

Our notes from our phone call on 1/12/22 clearly show that even before we met in person, you didn't want to do a complete scope of loss. We told you we wanted a complete scope of loss made using our photos and hand drawn floor plan. You said that photos would not be necessary and we didn't need a complete scope of loss because of how low our limits were. You even attempted to do the scope of loss interview over the phone. We declined and insisted on getting a complete scope of loss.

When we met on 1/21/22 it was clear you were not going to give us a complete and thorough scope of loss. You said you'd calculated that our house would cost about $2.7M to rebuild, based on the $/sqft numbers we were hearing from local builders at the time. While that was not intended to be your exact estimate, it showed that you *knew* that we had a multi-million dollar rebuild ahead of us. You said, "More often than not, they're running up to policy limits, so…" and, "with $565 in insurance, I can justify getting that payment out after we do this evaluation," indicating that you felt a complete scope was pointless. Lastly, you told us that you would send us an email asking for more specifics about the ages of the features in our home or requesting any receipts you needed. We never received that email, again showing your refusal to do the job thoroughly.

The scope we received on 2/2/22, as a result of our meeting on 1/21/22 was in no way representative of what we discussed during our meeting. It had no showers. It had no debris removal. It did not have the rooms listed or their sizes. It did not have a roof report or a doors and windows report. It had no solar panels. We had already spoken about the solar panels on the phone on 1/3/22. We also spoke about the brand new aluminum clad windows installed only a month before the fire. We reiterated both of these points in our meeting on 1/21/22. The scope showed cheap vinyl windows aged several years and the solar panels were missing. The scope of loss you sent us did *not* capture what we discussed at that meeting.

Then after we received your first scope, we expressed our upset at its insufficiency and we restated our desire for a complete scope (starting on 2/2/22). You refused to do a thorough job yet again in an email on 2/16/22. When we spoke to the National Director of the Personal Insurance Major Case Unit in April, we told him we were refused a complete scope of loss. He acknowledged that, "What Peter did was wrong." ***The record does not support your assertion that our first scope of loss was made in good faith.***

Although it is true that you gave us instructions to give the first scope to our builder, we didn't have what we needed to bring to a builder. The builder's job is to give pricing to an existing scope. They cannot give accurate pricing if the scope of loss does not accurately represent the house, as was the case.

It took more than 2 months to finally escalate the issue to the director, Michael Gatti, due to the stonewalling we received. That's 2 months that could have been spent refining a proper scope of loss.

Then, as you know, we were at the end of a remarkably difficult pregnancy which put Erin on crutches, followed by the birth of our first child in February 2022. Our ability to continue advocating for a good faith effort in making our scope of

TRAVELERS_001526

loss was put on temporary hiatus. This was beyond our control, as the pregnancy began 7 months before our house burned down.

Travelers had all of the above information at the time of our reformation. Our attempts to share the photos and documents we showed you at our meeting in Boulder were refused. There was an extensive record showing Travelers denying us an accurate and complete scope of loss. There was a record of our refusal of the scope we'd received. There was knowledge of the severe pregnancy, the birth of our baby boy, and the impact this would have on our available time. This information wasn't used. As a result, our limits were reformed based on incomplete information from an adjuster who refused to fully investigate our home. This was not our fault.

We have already detailed the issues with the second, third, and fourth scope Travelers has made in our previous emails. Those scopes Travelers produced were never fully investigated, riddled with guessing, and largely inaccurate. Travelers refused to use the resources we made available to capture the scope of our house in pre-loss condition. Even in the case of the third scope, the hundreds of photos we provided were not well represented in the scope we received.

When we met in person on 4/21/22 to give Travelers our information *again*, you said that you expected that scope to come out about in line with your earlier scope. The fact that the third scope was in line with your second scope, which the evidence shows you guessed at, leads us to believe that any scope from you cannot be trusted. This untrustworthiness is further demonstrated by the fact that the PDF scope we received on 10/5/22 was missing over $165,000 worth of items that were marked as "Agreed" in the spreadsheet from your construction consultant.

Throughout this claim we've spent tremendous resources and time fighting to a get a scope of loss that is accurate and complete - time that could have been spent on other aspects of our claim. We are now more than 10 months after the fire and Travelers has not delivered a single scope of loss that is anywhere even close to accurate and complete. We have been unnecessarily and unreasonably delayed every single day since our phone call on January 12th, 2022, in which we were prevented, from the start, from receiving a thorough and complete scope of loss. We are still awaiting an accurate scope.

As to the inaccuracies in the scope we submitted, we worked tirelessly to include only items that were in our home. The record supports this. The debris removal you reference was added by *Travelers*, not us. While we have done our best to correct mistakes we find, we are not responsible for Travelers' inaccuracies. Even so, we have corrected Travelers' mistakes when we found them. The only items we added related to debris removal all had $0 as their cost. The steel beam you refer to was absolutely communicated, multiple times. First in our meeting in January when we spoke of seeing several steel beams in the rubble of our home. In April, we repeated this to your construction consultant. We also included pictures of the rubble showing the warped support beams.

As mentioned above, the photos and receipts we offered to you were refused in January. We told your construction consultant to reach out to us or to our building consultant if he had any questions or needed more photos or receipts. We never received any requests.

You also seem to be under the impression that our building consultant is our builder. She is not. She is a consultant who understands how to use estimating software like Xactimate. She understands the nuances of what is required to build a home. We decided to hire her to help us as it was clear that Travelers would not be providing us with a complete scope of loss. The source of the numbers she added to the scope we submitted are clearly labeled at the top of the scope: Price List: COBO8X_JUN22

We have not taken a scope to a builder yet as we don't have an agreed upon scope. Once we do, we can take it to a local builder to get an estimate. We will not spend money paying a builder for an estimate of a scope that is not accurate.

Our struggles to get our ALE accommodations filled have absolutely delayed us, and were not handled in a timely manner. We made a request for a computer (2/24/22), that Travelers determined was not covered under ALE. We still disagree with Travelers' interpretation of our ALE coverage and know that Travelers has provided computers to other

TRAVELERS_001527

fire victims in the past. Regardless, other items we requested were incorrectly denied. It took another 6 months and the involvement of the National Director for us to get the last piece of requested furniture. Living without these basics has delayed us immeasurably, for reasons we have already enumerated.

Travelers has caused repeated unreasonable and unnecessary delays. It took months to get Travelers to commit to creating a complete scope of loss. We are *still* unable to get Travelers to use the information we are providing to complete our claim.

The documents you've requested do not exist. There have been no work orders completed, other than some initial debris removal. There is still more debris to remove, like the underground pylons and a burnt out tree. We don't have permits, as we haven't completed architecture planning. We haven't completed engineering either as that also requires architecture plans. We have been unable to push any of these items forward as all of our spare time is spent fighting for the basics Travelers is required to provide and still hasn't.

The fact remains that we have been significantly delayed by Travelers and circumstances beyond our control. Whether or not Travelers chooses to recognize this, does not change the facts. We expect Travelers to extend our ALE in accordance with Emergency Regulation 22-E-16 as we have clearly demonstrated how we have been delayed. ***If Travelers' continues to refuse to accept basic facts and reasoning, it will be seen as a deliberate choice to abandon the possibility of resolving this amicably.***

Please respond within 5 business days.

Christopher and Erin Lindsay

On Nov 3, 2022, at 12:10 PM, Van Riper, Peter K <PVANRIPE@travelers.com> wrote:

Hi Mr. Lindsay.

We have reviewed the recent documentation you submitted regarding the adjustment of your claim under the Loss of Use / Additional Living Expense coverage.  This includes your correspondences of October 10, 2022.

We respectfully disagree with the facts that you have presented, and we have not identified any unreasonable delays in our handling of the claim.  We also respectfully deny that it has ever been our position that that the estimate from February 2, 2022 was not made in good faith. We understand from your prior statements that there was time spent by you tending to personal matters and major life events at the outset of this claim. While these may have limited your ability to attend to the adjustment process as intended, we do not believe your actions necessarily have meaningfully delayed the claims process.

We disagree that there was a delay in the scope of loss from February 2, 2022.   Based on the information in our possession at the time, we presented a reasonable and thorough estimate for the scope of work that we discussed at our meeting of January 21, 2022.  The scope of work included everything we discussed at that meeting.  Our communications with you throughout this claim included instructions for you to present this estimate to your builder, so that if they disagreed they could contact us so that we can work with them to resolve the differences.  On February 7, 2022, we received a request for Underwriting information and a review of the accuracy of the coverage limits. On April 8, 2022, the policy was reformed and we issued a supplemental payment based on your new coverage limits.  Based on your ongoing disputes with the estimate, and despite not receiving any evidence of

3

your builder's estimate, we agreed to hire a construction consultant to assist with our evaluation of the claim.

On April 21, 2022, we met at your temporary home and it was then that you introduced us to your builder. Our consultant took notes about the scope of work presented by you and your builder. A revised estimate was presented based on the agreed scope of work at this meeting which increased the replacement cost amount from $1,011,767 to $1,211,132. This supplemental payment was made on June 2, 2022.

On August 29, 2022, you presented your estimate from Glimmer which contained a number of line items that were either inaccurate (i.e. multiple line items that were repeated throughout the document resulting in an increase in the cost), or was not discussed during the April 21 meeting (i.e. a steel wide flange beam). The readjusted items included items that was already completed (i.e. additional debris removal costs when the debris removal was already completed), or new information based on documents presented on August 29, 2022 (i.e. actual cost of HVAC). This resulted in a supplemental payment of $62,425.11. On October 5, 2022, we presented our analysis of the Glimmer estimate while renewing our request that you present this to your builder.

You have also raised concern regarding the adjustment of your contents claim, and how this caused a delay in your construction. Again, we respectfully disagree with this. You presented a claim for replacement of personal property under your Additional Living Expense (ALE) coverage. We explained that the items you were claiming is not covered under ALE, but rather is potentially covered under the Personal Property coverage to which you have received a timely advance towards. It is our position that this was addressed in a timely manner, and we disagree that it caused any delay in reconstruction of your home.

In summary, it is our position that the handling of your claim has not caused an unnecessary or unreasonable delay. We have responded timely with an accurate scope of repairs and estimate. As part of the normal adjusting process, we have responded timely to new information that was presented to us. Just as your builder was able to proceed with the debris removal based on the current evaluation of the claim, they should be able to continue to proceed with plans.

In an effort to provide assistance and analysis in the manner you request, we ask that you provide us with documentation involving the reconstruction of your home. This is required by us so that we can review this as part of the facts involving the period of restoration. This would include executed work authorizations, estimates, debris removal invoices, canceled checks, permits, permit applications, and plans. Once we have received these items, we will reevaluate our position regarding your additional claims for Additional Living Expense as needed.

Thank you

Peter


**Peter K. Van Riper II** | **Claim Professional** | **Property Claim**
Travelers
Diamond Bar, CA
Property Claim
W: (951) 397-1643    F: (866)381-6247
Mailing Address: Travelers – PO Box 650293, Dallas, TX 75265-0293

**<image001.png>**

4

**From:** Christopher Lindsay <<u>weedlum@me.com</u>>
**Sent:** Monday, October 10, 2022 9:32 AM
**To:** Van Riper, Peter K <<u>PVANRIPE@travelers.com</u>>
**Cc:** Gatti, Michael Robert <<u>MGATTI@travelers.com</u>>; Stone, Aaron W <<u>AWSTONE@travelers.com</u>>
**Subject:** Re: [External] Tolling ALE IRX8418 THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

Hello Peter,

You responded to our request for ALE tolling in a different email thread. I have attached the pdf response below so that it is easier to reference.

The assertion that Travelers has not delayed our return home is demonstrably false. As we demonstrated in previous emails, there are many instances of Travelers delaying our claim. The first delay was the initial scope of loss we received from Peter on February 2, 2022. Travelers even agreed that the scope was not made in good faith and eventually brought in a third party to do a thorough and complete scope of loss in May to attempt to rectify the issue. As it is, we are in the tenth month post fire and still do not have a scope of loss that is mutually agreed upon. The issue has still not been corrected.

This is a clear demonstration of just one of the unnecessary delays caused directly by Travelers. As such, we expect Travelers to toll our ALE until we can return home in accordance with emergency regulation 22-E-16 issued by the Department of Insurance of Colorado.

Please respond to this within 5 business days.

Chris and Erin Lindsay
826 Trail Ridge Dr.


On Oct 3, 2022, at 2:19 PM, Stone, Aaron W <<u>AWSTONE@travelers.com</u>> wrote:

Hello Mr. and Mrs. Lindsay,

Thank you for your email. Peter is currently traveling for claims this week but we expect to have a comprehensive response in the coming days.

Thank you

Aaron Stone | Claim Manager | Property Major Case Claim Department
Travelers
Hartford, CT
W: 860-277-0213   F: 866-381-6247

Mail Address:
Travelers
PO Box 430
Buffalo, NY  14240

TRAVELERS_001530

**&lt;image001.png&gt;**

---

**From:** Christopher Lindsay <weedlum@me.com>
**Sent:** Monday, October 3, 2022 12:43 PM
**To:** Van Riper, Peter K <PVANRIPE@travelers.com>
**Cc:** Stone, Aaron W <AWSTONE@travelers.com>; Gatti, Michael Robert
<MGATTI@travelers.com>; Ruggiero, Jenifer M <JMRUGGIE@travelers.com>
**Subject:** Re: [External] Tolling ALE IRX8418 THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY

Hello Peter,

Do you have an update on this request? If not, do you have an ETA on when we could
expect a response?

Christopher and Erin Lindsay
826 Trail Ridge Dr.

> On Sep 23, 2022, at 1:48 PM, Van Riper, Peter K
> <PVANRIPE@travelers.com> wrote:
>
> Hi Mr. Lindsay.
>
> Just wanted to acknowledge receipt of this.  We will review it and
> provide a response.  Thank you.
>
> Peter.
>
> **Peter K. Van Riper II** | **Claim Professional** | **Property Claim**
> Travelers
> Diamond Bar, CA
> Property Claim
> W: (951) 397-1643    F: (866)381-6247
> Mailing Address: Travelers – PO Box 650293, Dallas, TX 75265-0293
>
> **&lt;image001.png&gt;**

---

**From:** Christopher Lindsay <weedlum@me.com>
**Sent:** Friday, September 23, 2022 12:06 PM
**To:** Van Riper, Peter K <PVANRIPE@travelers.com>
**Cc:** Stone, Aaron W <AWSTONE@travelers.com>; Gatti, Michael Robert
<MGATTI@travelers.com>; Ruggiero, Jenifer M
<JMRUGGIE@travelers.com>
**Subject:** [External] Tolling ALE

TRAVELERS_001531

CAUTION: This email came from outside of the company. Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is weedlum@me.com.

Hello Peter,

As I mentioned in our conversation on July 13th, we need our ALE tolled until we can move into our new house. We first mentioned needing our ALE tolled in a phone call on January 3rd, and again when we met on January 21st. We brought it up because, even then, local builders said that getting a house built in one year was simply not possible. At the time, you told us you expected our ALE would be tolled before it ran out and that we would be fine. You repeatedly mentioned to us that the time frame often gets extended and how the ALE coverage in the Paradise Fire was extended to 36 months. We have been working diligently since our house burned down to get back home as quickly as possible. We wanted to honor your reassurances with our own expediency. Under the circumstances, we expect our ALE to be tolled until we can return home.

We are now 9 months into this process and still have not broken ground. We cannot even apply for permitting until after the issues with our reformation have been resolved appropriately and our final rebuild budget has been established. Our builder estimates that our house will take more than 1 year to build. However, firming up that timeline is dependent upon getting a budget finalized and it assumes there are no unforeseen issues with the build. Unforeseen delays could set that back further.

According to the most recent city update email, on September 16th, only 38 households have received permits in all of Louisville. There are another 512 of properties that have not received permits yet. No one will be able to get home within a 12 month ALE period.

You should also be aware that the Colorado Division of Insurance issued emergency regulation 22-E-16 that went into effect September 3rd. Section 5 of this regulation concerns tolling ALE for people in our situation. We've attached a copy of it below, for your convenience.

In our conversation in July you mentioned that you could not do anything about tolling our ALE. If that is the case, then we would like you to escalate this issue up your management chain so that our ALE gets tolled until we are able to move back home.

Please respond to this email within 5 business days.

Thank you,

Chris & Erin Lindsay
826 Trail Ridge Dr.


Chris Lindsay
826 Trail Ridge Dr.

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity

TRAVELERS_001532

designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

TRAVELERS_001533