**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01413-NYW-STV

ERIN LINDSAY and CHRISTOPHER LINDSAY,

      Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and
GEICO INSURANCE AGENCY, LLC,

      Defendants.

---

**DECLARATION OF SUSAN MINAMIZONO, ESQ.**

---

      I, Susan Minamizono, declare that I am older than 18 years of age, of sound mind and competent to testify, and have personal knowledge of the following facts:

      1.      I am an attorney with Levin Sitcoff PC in Denver, Colorado, representing Plaintiffs in the above-referenced matter.

      2.      Exhibit A attached hereto, bates stamped TRAVELERS_000023, is a true and correct copy of an excerpt from claim notes disclosed by Defendant The Travelers Home and Marine Insurance Company ("Travelers") in this litigation.

      3.      On June 24, 2024, Plaintiffs sent a check made payable to Travelers for the unused debris removal amount of $29,051.84. See Exhibit B attached hereto, bates stamped LINDSAY019373-374, true and correct copies of Plaintiffs' check and our firm's cover letter dated 6/24/24.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Dated this 17th day of October 2025.

                              _____
                              Susan Minamizono

**EXHIBIT 9**

| Date | Author | Topic | Subject | Claimant (Level) |
|------|--------|-------|---------|------------------|
| | | | 1. Loss Assessment additional coverage.<br>2. ARCP as it pertains to recent Colorado bulletin.<br>3. Ordinance & Law additional coverage. | |
| 2/22/2022 3:14:51 PM | PETER VAN RIPER - 877 | Correspondence | Review of Correspondence - | 000 FILE LEVEL |
| | | | Email from insured regarding contents. Requesting we waive the requirement for an inventory. He requested escalation.<br><br>I copied Director, Aaron Stone, on my reply. I cited policy conditions and advised that an inventory is required. | |
| 2/23/2022 3:29:26 PM | PETER VAN RIPER - 877 | Damages/Verification | Time Element - | 000 FILE LEVEL |
| | | | Approved additional furniture rental with ALE Solutions:<br><br>EXTRAS:   1 Dresser, 1 Sofa, 1 side table, 2 Chest of drawers, small white table similar to a side table and a housewares package for 2.<br><br>Approx $749/month additionally | |
| 2/24/2022 7:54:10 PM | PETER VAN RIPER - 877 | Correspondence | Review of Correspondence - | 000 FILE LEVEL |
| | | | Email exchange with insured. Asking for minor items that can't be rented. Racks and storage. For example, there is no medicine cabinet in the bathroom to store their belongings. I asked him to provide specific solutions and what the cost would be.<br><br>He is also asking about a computer and entry table. My reply: the policy covers to replace the same computer you had before. Unless I'm mistaken, or not understanding something, you should be able to purchase and set up a similar computer there (desktop or laptop), and when it comes time to move you can just take the computer with you. I see this applying to the entry table as well where it sounds like you have to replace an entry table in your home so you can just purchase one and add it to your contents inventory. | |
| 2/28/2022 6:45:01 PM | PETER VAN RIPER - 877 | Correspondence | Review of Correspondence - | 000 FILE LEVEL |
| | | | Email exchange with insured. He is requesting a computer, accent table, and storage containers as part of ALE. He gave a rationale for that.<br><br>I reviewed coverage with Director. I wrote back to the insured that the computer and table is considered contents. If he purchases the storage containers, he can submit receipts and we will take them into consideration. | |
| 3/7/2022 5:40:34 PM | PETER VAN RIPER - 877 | Correspondence | Review of Correspondence - | 000 FILE LEVEL |
| | | | Email exchange with insured. Maintained position that replacement of table and computer is not an ALE. Provided CO DOI bulletin for his reference. | |
| 3/7/2022 5:49:26 PM | PETER VAN RIPER - 877 | Financial | Advance Payment - | 000 FILE LEVEL |
| | | | Personal Property advance to be increased to $237,625.00. This represents 60% of the policy limits.<br><br>Issuing $118,812.00 today which takes into account the new advance less $118,813.00 in prior advances.<br><br>Requesting Director approval to issue this amount.<br><br>Updated increased limits worksheet attached.<br>Updated SOL attached. | |
| 3/7/2022 5:58:56 PM | PETER VAN RIPER - 877 | Contact | Supplemental Contact - Insured - | 000 FILE LEVEL |
| | | | Called both insureds and left VM for them. Advised of pending contents advance payment. Advised Travelers is increasing the contents advance amount to 60% of the limit. Advised that policy condition requiring a total loss inventory still applies for any claims above that 60% amount. | |
| 3/8/2022 8:15:13 AM | AARON W STONE - 877 | Management Review | Incurred/Payment Authority - | 000 FILE LEVEL |



# LEVIN SITCOFF

June 24, 2024

**VIA EMAIL AND U.S MAIL**
Evan Stephenson
Nathaniel Barker
Spencer Fane
1700 Lincoln Street, Suite 2000
Denver, CO 80203
estephenson@spencerfane.com
nbarker@spencerfane.com

Re:    ***Lindsay v. Travelers et al.***

Dear Evan and Nate:

As mentioned in my previous letter dated May 10, 2024, after the Lindsays broke ground a few months ago for the rebuild of their home, they were informed, for the first time, that construction could proceed without the removal of the caissons buried at the lot. Accordingly, they are returning the enclosed amount of $29,051.84 paid by Travelers for debris removal. By returning this sum, the Lindsays do not waive any of their claims or defenses in this litigation.

Please let me know if you have any questions.

Very truly yours,

LEVIN SITCOFF PC

Susan Minamizono

Encl.

455 Sherman St, Ste. 490
Denver, CO 80203
303-575-9390
susan@lsw-legal.com
www.lsw-legal.com

**EXHIBIT 9-B**

LINDSAY019373



LINDSAY019374