**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01413-NYW-STV

ERIN LINDSAY and CHRISTOPHER LINDSAY,

      Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and
GEICO INSURANCE AGENCY, LLC,

      Defendants.

---

## DECLARATION OF KATE BANACH

---

      I, Kate Banach, declare that I am older than 18 years of age, of sound mind and competent to testify, and have personal knowledge of the following facts:

      1.    I am the Director of Valuation and Litigation Services for Enservio, LLC, in Canton, Massachusetts.

      2.    I have over 16 years of experience managing contents claims for Enservio.

      3.    My opinions in this case are set forth in my report dated August 18, 2025. My opinions are based on my education, training, experience, and the information I reviewed that have been produced during the course of this litigation.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Dated this 17th day of October 2025.

Kate Banach

**EXHIBIT 10**

⚡ S O L E R A | enservio

August 18, 2025

Susan Minamizono
Levin Sitcoff
455 Sherman Street, Suite 490
Denver, CO 80203

RE:  Lindsay claim #IRX8418

Dear Ms. Minamizono,

My name is Kate Banach.  I am the Director of Valuation and Litigation Services for Enservio, LLC, 250 Royall Street, Suite 140 E, Canton, Massachusetts.  I have over 16 years' experience managing contents claims for Enservio.  I am familiar with the means and methods by which Enservio creates contents inventories and assigns a value to the items in those inventories.  I am currently responsible for running Enservio's specialty valuation division.  The specialty valuation division appraises over 10,000 items per month across a broad array of specialist categories.  I oversee for the company a staff of approximately 30 professionals as well as a network of contracted experts.  I have not authored any publications within the preceding ten years.  My updated CV is attached herewith (Exhibit A).

In the course of preparing this report, I relied upon the following information:
- 20250723 Partial Inventory list prepared by Christopher and Erin Lindsay (Exhibit B)
- LINDSAY003767-003932 pdf of photos (166 pages) (Exhibit C)
- LINDSAY015634-015795 pdf of photos (162 pages) (Exhibit D)
- TRAVELERS_000713-1063 pdf of photos (351 pages) (Exhibit E)
- Phone call with Christopher and Erin Lindsay on 08/11/2025
- 29 additional photos sent by Christopher Lindsay (Exhibit F)

Assignment Details:

Enservio was retained on July 28, 2025, to value contents owned by the insureds, Christopher and Erin Lindsay, at their home located at 826 Trail Ridge Dr., Louisville, Colorado 80027.  Their contents were damaged by the Marshall wildfire that occurred on or about December 31, 2021.  We received an inventory list containing 2,097 line items, detailing item descriptions, categories, room names, quantities, ages and estimated values.  We also received three pdf files of photos, which I would describe as candids taken of the insureds and their home prior to the loss.  The list was noted as a partial inventory, as there may be additional items to add.

Per Enservio's customary and usual process for evaluating contents inventories after a loss, we imported the inventory details into our database.  We matched up the supplied photographs to the list and cross-referenced for duplication.  Bulk item descriptions such as "assorted household tools" and "case of oil painting supplies" were flagged as requiring additional detail such as a quantity, an itemized list, or estimated value.  High value lines such as an antique piano and several collectible Apple products were also flagged as requiring additional details.  On August 11, 2025, I called and spoke with the insureds to gather additional details.  We spoke for over three hours while they attempted to remember details about the items they lost.  I recorded their recollections and incorporated the

≈ SOLERA | enservio

additional information into the inventory list. I also received additional photos from Mr. Lindsay, documenting the wedding dress and various other wedding related items, the antique piano, a spare playfield for the Willy Wonka pinball machine, and the handcrafted charging caddy and outdoor dining table.

Based on all the information presented, we proceeded to value the contents. Fifty line items with a claimed value of $50.00 or less were accepted based on our price threshold standards. Bulk values of $500 or less were accepted on 15 lines. Seventeen items were identified as likely duplicates (listed elsewhere in the inventory) and were not priced. Five bulk lines remain unpriced pending additional information to value. The remaining items were evaluated for current replacement cost by locating like kind and quality replacements in the retail market. The antique piano, designer furnishings and high value collectibles were sent to our *Select* team of subject matter specialists for valuation. The total retail replacement value was determined to be $788,343.99, inclusive of local sales tax.

To calculate depreciation, we utilized Enservio's proprietary software, Contents Express. Category-based depreciation guidelines are embedded within Contents Express and are informed by the Joint Military Industrial Depreciation Guide (JMIDG), which is published by the Judge Advocate General's Office of the U.S. military. The depreciation rates stipulated in the guide are widely accepted for purposes of establishing life expectancy and rates of depreciation by category. All items were assumed to be in good condition prior to the loss. For depreciable items that did not have an age provided, we applied our default rate of 50%. This resulted in a depreciation amount of $274,937.06, which when subtracted from the overall retail replacement total, equates to an actual cash value of $513,406.93.

Opinion on Retail Replacement Value and Actual Cash Value:

The net result of Enservio's evaluation is the attached Contents Valuation Report ("CVR") issued on August 18, 2025 (Exhibit G). I have reviewed the Contents Valuation Report and in my opinion to a reasonable degree of certainty, the retail replacement value of the insured's damaged contents at the point in time immediately prior to the loss was $788,343.99 and the actual cash value total was $513,406.93. It is important to note, in speaking with the insureds regarding their bulk item descriptions, they are still in the process of remembering all that was lost, and their list is not complete. The values I note in this report reflect a partial inventory. The basis for this opinion is the foregoing explanation of how we arrived at the retail replacement value and actual cash value, and the attached Contents Valuation Report.

I can describe in detail the process by which Enservio conducted its calculations of value in this case and can testify that the methods utilized by Enservio are customary and well accepted in the industry.

Sincerely,

*K Banach*

Kathleen Banach
Director, Valuation Services