**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01413-NYW-STV

ERIN LINDSAY and CHRISTOPHER LINDSAY,

      Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,

      Defendant/Counterclaim Plaintiff,

GEICO INSURANCE AGENCY, LLC,

      Defendant.

---

**PLAINTIFFS' MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS
OF CHRIS HOAG**

---

      Plaintiffs, Erin Lindsay and Christopher Lindsay, by and through their attorneys, Bradley A. Levin and Susan Minamizono of LEVIN SITCOFF PC, hereby submit their Motion to Exclude Certain Expert Opinions of Chris Hoag, and state as follows:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO. L.CivR 7.1(A)**

      The undersigned certifies that she conferred with counsel for Defendants and was advised that the requested relief is opposed.

**INTRODUCTION**

      Defendant/Counterclaim Plaintiff The Travelers Home and Marine Insurance Company ("Travelers") endorsed Chris Hoag, an insurance claims handling expert. Plaintiffs identify certain opinions by Mr. Hoag that are improper, unreliable and will not

assist the trier of fact and, therefore, move to exclude those specific opinions as set forth below.

## **SUMMARY OF OPINIONS**

Mr. Hoag offers conclusive opinions that are unrelated to Travelers' claims handling and outside his area of expertise in industry standards applicable to claims handling by insurance companies. Specifically, on pages 56 to 62 of his initial report, Mr. Hoag discusses information distributed by United Policyholders ("UP"), a non-profit organization, and Plaintiffs' reliance on that information, making credibility determinations and proffering opinions regarding their motivations and knowledge. *See* **Ex. 1**, Hoag Report dated 6/25/25, at 56-62. This has nothing to do with Mr. Hoag's purported scope of expertise—which allows him to opine as to whether conduct by Travelers claims adjusters comported with insurance industry standards in the state of Colorado—and are usurpations of the jury's role as factfinder. Specifically, the opinions set forth under sections titled "United Policyholders," "Mr. Lindsay's Deposition," "Mrs. Lindsay's Deposition," and "Underinsurance" on pages 56 to 62 should be excluded. Further, references to this discussion in his rebuttal report should likewise be excluded:

> Mr. Seigal also misrepresents the guidance the Lindsays had been given regarding the pre-loss scope of loss. As I state in my June 25, 2025 report, United Policyholders specifically addressed the situation where the carrier's estimate exceeds the limit of insurance. The presenter stated, if the estimate is greater than the policy limit then it isn't worth the time to go through and pick the estimate apart because the adjuster has admitted they owe the limit.

*See* **Ex. 2**, Hoag Report dated 8/17/25, at 24.

Further, Mr. Hoag offers an opinion that Plaintiffs are now required to complete an inventory of their damaged personal property, even though Plaintiffs are not pursuing a claim for benefits under this coverage in this litigation. *Id*. at 46-48. This opinion is not relevant to the claims handling by Travelers prior to the litigation and should be excluded. Then he continues by providing conclusory statements regarding Plaintiffs' state of mind, specifically, how Plaintiffs intentionally concealed and misrepresented material facts regarding the scope of loss, expenses related to debris removal and engineering/architect fees, and construction documents. *Id*. at 48-55. Notably absent are opinions about any investigation and claim handling that was conducted by Travelers prior to the filing of this suit related to the foregoing issues, and whether the insurer met industry standards in its investigation and claim handling. Conclusions regarding Plaintiffs' motivations, intent, and state of mind are improper expert opinions and should be excluded.

Separately, in his rebuttal report, Mr. Hoag offers opinions regarding the duties of GEICO, the insurance producer. These opinions are duplicative, as they are already being proffered by Matt Coleman, an expert designated by Travelers and GEICO to opine on the insurance producer's standard of care. *See* **Ex. 2**, at 44-47; **Ex. 3**, Coleman Report. The offer of Mr. Hoag's opinions regarding the standard of care pertinent to GEICO is in contravention of the Scheduling Order entered by the Court on August 14, 2023, which allows parties to endorse *one* expert per subject matter. *See* ECF No. 33, at 10. Accordingly, Plaintiffs request that these opinions by Mr. Hoag be stricken.

## ARGUMENT

### I.    Legal Standard

Under Federal Rule of Evidence 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education" may provide opinion testimony if "the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue" and the expert's opinions are grounded in "reliable principles and methods" that have been "reliably applied . . . to the facts of the case." F.R.E. 702.  The Court must act as a gatekeeper to ensure that any expert testimony is both relevant and reliable.  *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147-52 (1999). In so doing,

> First, this court considers whether the expert's proffered testimony has a reliable basis in the knowledge and experience of his or her discipline by conducting a preliminary inquiry into the expert's qualifications and the admissibility of the proffered evidence, i.e., whether the reasoning or methodology underlying the testimony is valid. Second, the court considers whether the proposed testimony is sufficiently relevant to the issues presented to the factfinder. The party offering the expert opinion bears the burden of establishing its admissibility, including the foundational requirements by a preponderance of evidence.

*Harrington v. Aerogelic Ballooning, LLC,* No. 18-cv-02023-MSK-NYW, 2019 WL 2613334, *5 (D. Colo. Apr. 25, 2019) (internal citations omitted). Further, "an expert witness cannot state legal conclusions by applying law to the facts, passing upon weight or credibility of the evidence, or usurping the province of the jury by telling it what result should be reached." *United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir. 1979).

## II.    Mr. Hoag's Opinions Reflecting on Witnesses' Credibility and State of Mind Should be Excluded

First, Mr. Hoag's opinions set forth under sections titled "United Policyholders," "Mr. Lindsay's Deposition," "Mrs. Lindsay's Deposition," and "Underinsurance" on pages 56 to 62 of his initial report, and reference to same in his rebuttal report on page 24, outline information he found on the nonprofit organization's website, how the information contradicts Plaintiffs' deposition testimonies, and his speculations as to what Plaintiffs should have done in response to information provided by UP. **Ex. 1**, at 56-62; **Ex. 2**, at 24. These attacks on Plaintiffs' credibility are unreliable and will not assist the trier of fact. *Nash v. Wal-mart Stores, Inc.,* No. 15-cv-02330-RM-MEH, 2017 WL 5188339, *2 (D. Colo. Feb. 15, 2017) (expert opinions that are unreliable or will not assist the factfinder must be excluded). Expert witnesses are not permitted to make credibility determinations, as that function is reserved for the jury. *United States v. Hill*, 749 F.3d 1250, 1260 (10th Cir. 2014). And Mr. Hoag's opinions as to what he believes Plaintiffs should have done should be excluded, as they are speculative and do not pertain to whether Travelers violated insurance industry standards. *O'Sullivan v. Geico Cas. Co.*, 233 F.Supp.3d 917, 927 (D. Colo. 2017) (excluding "[s]peculative opinions surmising what 'may' have motivated Geico's decisions, or what facts 'possibly' led to Geico's actions" as these were not "grounded in a specific factual observation").

Second, Mr. Hoag opines that Plaintiffs are now required to provide a personal property inventory, even though Plaintiffs are not pursuing benefits under this coverage.

**Ex. 1**, at 46-48. This "opinion" is not relevant nor reliable, especially since prior to the commencement of this lawsuit, Travelers did *not* require an inventory for Plaintiffs' contents over 60% of the policy limit. **Ex. 4**, Travelers claim note date stamped 3/7/22 at 5:58:56 PM. On the one hand, an opinion as to whether Travelers' handling of the personal property claim and its payment of $538,617 (60% of the policy limit) to Plaintiffs without an inventory met or exceeded insurance industry standards is certainly within the ambit of Mr. Hoag's scope of expertise. On the other hand, his conclusory statement that Plaintiffs must now, after the filing of the lawsuit, provide a personal property inventory, in the absence of any opinion regarding the way Travelers handled that portion of Plaintiffs' claim prior to litigation, is nothing short of irrelevant and unreliable. *See Kumho,* 526 U.S. at 147-52 (expert testimony must be both relevant and reliable).

Third, Mr. Hoag offers conclusory statements regarding Plaintiffs' state of mind on pages 48 to 55 of his initial report. Specifically, he speculates that Plaintiffs intentionally concealed and misrepresented material facts regarding their scope of loss, expenses related to debris removal and engineering/architect fees, and construction documents. **Ex. 1**, at 48-55, discussion under "Concealment or Fraud." The opinions have nothing to do with any investigation and claim handling that was conducted by Travelers prior to the filing of this suit, and whether the insurer met industry standards in its investigation and claim handling. Conclusions regarding Plaintiffs' motivations, intent, and state of mind are improper expert opinions and are usurpations of the jury's role as factfinder. It is a juror's role to evaluate a witness's credibility; expert testimony that evaluates a witness'

credibility is not helpful to the trier of fact. *United States v. Garcia*, 635 F.3d 472, 476-77 (10th Cir. 2011).

These opinions improperly invade the province of the jury, which is charged with making credibility determinations, weighing evidence, and resolving factual disputes. Mr. Hoag, an insurance claims handling expert, is not qualified to make determinations about what Plaintiffs knew or intended, or what evidence is or isn't present in this case. These are factual questions for the jury to resolve. Therefore, Mr. Hoag's opinions on these matters should be excluded.

### III.    Mr. Hoag's Opinions Regarding GEICO's Duty of Care are Duplicative and are Being Offered in Contravention of the Court's Scheduling Order

Lastly, Mr. Hoag offers rebuttal opinions regarding the duties of the GEICO agent/broker who sold the Travelers policy to Plaintiffs. **Ex. 2**, at 44-47. Opinions regarding the standard of care pertinent to insurance producers like GEICO are already being proffered by Matt Coleman, an expert designated by Travelers and GEICO to opine on the insurance producer's standard of care. **Ex. 3**, Coleman Report. Mr. Hoag's opinions regarding the standard of care pertinent to GEICO are duplicative and in contravention of the Scheduling Order entered by the Court on August 14, 2023, which allows parties to endorse one expert per subject matter. *See* ECF No. 33, at 10. On these grounds, Plaintiffs request that these opinions by Mr. Hoag be stricken.

### CONCLUSION

Based on the foregoing reasons, Plaintiffs Erin and Christopher Lindsay respectfully request that the Court grant this Motion and exclude the expert testimony offered by Chris Hoag as set forth herein.

DATED this 30th day of October 2025.

                Respectfully submitted,

                **LEVIN SITCOFF PC**

                *s/Susan Minamizono*
                Bradley A. Levin
                Susan Minamizono
                455 Sherman St., Suite 490
                Denver, Colorado 80203
                Telephone: (303) 575-9390
                Fax: (303) 575-9385
                brad@lsw-legal.com
                susan@lsw-legal.com
                ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2025, a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS OF CHRIS HOAG** was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following by the method indicated which will send notification of said filing to the following email addresses:

Evan Stephenson
Nathaniel Barker
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
estephenson@spencerfane.com
nbarker@spencerfane.com
***Attorneys for Defendant The Travelers Home and Marine Insurance Company***


Ryan C. Gill
Jackson D. Beal
Lewis Brisbois Bisgaard & Smith LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Ryan.Gill@lewisbrisbois.com
Jackson.Beal@lewisbrisbois.com
***Attorneys for Defendant Geico Insurance Agency***


*s/Nicole R. Peterson*
Nicole R. Peterson